**In the Matter of the ESTATE OF Sergio E. Martinez AYALA, Deceased.**

No. 13–97–077–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1999.

Rehearing Overruled April 1, 1999.

---

**5.** See Footnote No. 2.

Richard J. W. Nunez, Brownsville, for appellant.

John Williamson, Brownsville, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

DORSEY, Justice.

This is an appeal from a summary judgment in a will contest. The expressed basis of that judgment is that the suit is barred by the doctrine of *res judicata*, because of a prior contest involving the same will in favor of appellee. We affirm.

The decedent, Sergio Martinez Ayala (Ayala), died in 1991. A holographic will made in 1989 was offered for probate in 1991 by his brother, Hugo Martinez, the designated administrator of the will. At the same time, an earlier, foreign will of the decedent was also offered for probate. The decedent's wife and son filed an opposition to the probate of those instruments and the appointment of the named administrator. Over that opposition, both wills were admitted to probate and letters of administration were issued to Hugo Martinez on May 28, 1992. The contestants appealed that decision, principally contesting the validity of the holographic will. On ap-

peal, we affirmed the trial court. *Ayala v. Martinez*, 883 S.W.2d 270 (Tex.App.—Corpus Christi 1994, writ denied).

A related suit was brought against Hugo Martinez in 1993 by the decedent's wife and her son concerning bequests in the holographic will. The contestants lost their challenge and, again, we affirmed the trial court. *Ayala v. Estate of Ayala*, No. 13–93–460–CV (Tex.App.—Corpus Christi 1995, no writ) (not designated for publication).

On June 5, 1995, the appellants, all children of the decedent, filed this action opposing the probate of both wills and the issuance of letters testamentary. Martinez, the administrator, filed a motion for partial summary judgment raising, among other things, the affirmative defense of res judicata. Appellants did not file a response. The trial court held a hearing on August 16, 1995. Appellants amended their petition on September 6, 1995. On October 4, 1996, the court entered its final judgment, which stated in pertinent part that appellants' claims were barred by res judicata. The trial court further noted that appellants' claims were time-barred under section 93 of the probate code.

Appellants raise two issues in this appeal. They claim first that the trial court erred in granting summary judgment because they were not parties to the initial litigation, and thus are not bound or barred by the previous judgment admitting the wills to probate. Second, they argue that the limitation provisions of section 93 of the Texas Probate Code do not bar this action.

■ As a matter of law, summary judgment is proper where the defendant fulfills its initial burden to establish all elements of any asserted affirmative defense. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989). Once an affirmative defense has been established, the non-movant may produce summary judgment proof raising a fact issue in contravention of the affirmative defense. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied). Because appellants did not file a response to the motion for summary judgment, their appeal is limited to an attack on the legal sufficiency of the appellee's summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ Martinez pled res judicata as an affirmative defense to appellants' suit. The trial court's order specifically adopted res judicata as the basis for summary judgment. As a general principle, res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter as a prior action and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). It requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

■ In his motion for summary judgment, Martinez argued that appellants became parties to the probate action by filing answers to his interrogatories and by responding to his requests for admissions. He further asserted that appellants were parties to a declaratory judgment entered in the litigation concerning the holographic bequests. Appellants admit responding to Martinez's discovery requests, but contend that merely acquiescing in discovery does not make them parties or privies to those proceedings. Appellants further contend that they made no appearances in those proceedings. Thus, they claim they were not parties to the actions.

■ The Texas Rules of Civil Procedure limit the use of requests for admissions and interrogatories to parties only. Tex.R. Civ. P. 168 & 169. However, this does not mean that an otherwise disinterested person unwittingly makes a general appearance and becomes a party by responding to any discovery request. The long-standing rule in Texas is that "to constitute a general appearance where the party has filed no written pleading, the party must seek a specific adjudication by the court on some question

other than that of the court's jurisdiction." *Cleaver v. George Staton Co., Inc.,* 908 S.W.2d 468, 470 (Tex.App.—Tyler 1995, writ denied) (citing *Liberty Enters., Inc. v. Moore Transp. Co.,* Inc., 690 S.W.2d 570 (Tex.1985); *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (Tex.1918)). Despite Martinez's assertions to the contrary, a non-party's response to interrogatories or requests for admission is not a written pleading which subjects that non-party to the court's dominion; they are, instead, legal nullities, absent another affirmative act by the non-party. Thus, we conclude that appellants were not parties to the original probate proceedings.

■■■■ The effect of the original judgment could nevertheless extend to appellants if they are in privity with the other parties in the original proceeding. People can be in privity in at least three ways: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt,* 919 S.W.2d at 653 (citing *Getty Oil Co. v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 800 (Tex.1992)). Privity exists "if the parties share an identity of interests in the basic legal right that is the subject of the litigation." *Id.* (citing *Texas Real Estate Comm'n v. Nagle,* 767 S.W.2d 691, 694 (Tex.1989)). When litigating interests in a probate estate, "there is no such privity between [potential beneficiaries] as will make a judgment rendered in a suit in which one or more of them were parties binding and conclusive on others who were not parties or represented ... [unless the non-party] is represented by others of the same class...." 50 C.J.S. *Judgments* § 887(c) (1997).

■■■■ Using those principles to determine if privity exists between these appellants and the contestants in the prior litigation, we first recognize that appellants, three children of the decedent, would benefit by a judgment invalidating the probate of the holographic will. In the prior litigation, Jorge J. Martinez Reyes, appellants' brother, contested the same holographic will and was in a position identical to that espoused by appellants. All of these children are in the same class of heirs or devisees and have the same interest in voiding their father's holographic will. The record does not reflect that Jorge J. Martinez Reyes stood to inherit from decedent under either will. Still, as a disinherited child of the decedent, he sought to invalidate the holographic will to give effect to the provisions of the prior foreign will or to permit intestate succession to the decedent's estate. His position could not have been more representative of his siblings. Thus, we conclude appellants did stand in privity with others in the original litigation.

Because appellants stood in privity with parties to the original will contest, their subsequent claim to invalidate the probate of the holographic will is barred by res judicata. The trial court did not err in granting summary judgment. Appellant's first point of error is overruled.

The *judgment of the trial court is* AFFIRMED.