TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00404-CV






Eugene Maxson; Phillip Maxson; William Robertson; 


and Wayne Matthews, Appellants



v.



Travis County Rent Account; Boyd Ray Watkins; Lloyd D. Smith;


and Cheryl Kay Simpson, as Independent Executrix


of the Estate of Keith Pettigrew, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 94-06291, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 






 Appellants Eugene Maxson, Phillip Maxson, William Robertson, and Wayne
Matthews ("Plaintiffs") sued Travis County Rent Account, Lloyd D. Smith, Boyd Ray Watkins,
and Cheryl Kay Simpson as Independent Executrix of the Estate of Keith Pettigrew
("Defendants"), appellees, on claims of fraud, conversion, and breach of fiduciary duty, and for
an accounting. The trial court granted summary judgment for Defendants on all claims, without
stating specific grounds in the order. On appeal, Plaintiffs assert a single point of error in which
they contend, inter alia, that res judicata and collateral estoppel do not apply; that the four-year
statute of limitations applies rather than the two-year statute; and that section 38 of the Uniform
Partnership Act requires that partners be paid in cash upon the dissolution of a partnership. We
will affirm in part and reverse and remand in part.


FACTUAL AND PROCEDURAL BACKGROUND

 Plaintiffs were limited partners in two limited partnerships: Dale's Quality Auto
Parts, Ltd. ("Parts Ltd.") and Dale's Auto Center, Ltd. ("Center Ltd."). Travis County Rent
Account ("TCRA"), a Texas general partnership, acted as the managing general partner of both
Parts Ltd. and Center Ltd. Lloyd Smith, Boyd Ray Watkins, and the Estate of Keith Pettigrew
were also general partners of Parts Ltd. and Center Ltd. during the period relevant to this
litigation. In addition to its interest in Parts Ltd. and Center Ltd., TCRA owned a majority
interest in several related entities, including Dale's Auto Parts, Inc. ("Parts Inc.") and Austin
Automotive Warehouse, Inc. ("Warehouse Inc.").

 In March 1988 Lindy Cannon, Geoffrey Rich, and Jack Bryant sued TCRA and its
general partners, including Smith, Watkins, and the Estate of Keith Pettigrew, for breaching
fiduciary duties owed to them as limited partners of Parts Ltd. and Center Ltd. (the "1988 suit"). 
In addition to their allegations of breach of fiduciary duty, Cannon, Rich, and Bryant sought an
accounting and imposition of a constructive trust on assets held by TCRA and the other partners. 
Plaintiffs in the present suit were not parties to the 1988 suit. (1)

 The breaches of fiduciary duty alleged in the 1988 action revolved around
transactions between Parts Ltd. or Center Ltd. and other entities owned by TCRA or its partners,
including Parts Inc. and Warehouse Inc. These transactions were alleged to have benefited TCRA
and its partners at the expense of Parts Ltd. and Center Ltd., specifically at the expense of those
holding limited partnership interests in Parts Ltd. and Center Ltd. On May 30, 1990, Parts Ltd.
and Center Ltd. were merged into Parts Inc., causing dissolution of the partnerships. As a result
of that transaction, the limited partners of Parts Ltd. and Center Ltd. were given shares of stock in
Parts Inc. proportionate to their partnership interests. This exchange formed the basis for another
allegation of breach of fiduciary duty against TCRA and its partners in the 1988 suit.

 The 1988 suit was tried to a jury in October 1991. In a single issue, the trial court
asked the jury to find the amount of damages sustained by the limited partners as a result of
fiduciary duties breached by TCRA and its general partners. The jury was informed that it could
award damages only if it found (1) a breach by TCRA, and (2) no reasonable excuse for the
breach. The jury was then instructed on four legal excuses: acquiescence, waiver, ratification,
and accord and satisfaction. The jury failed to find damages for any alleged breach and, in
November 1991, the trial court rendered a take-nothing judgment in favor of the defendants. This
Court affirmed that judgment in March 1993; the Texas Supreme Court denied the plaintiffs'
application for writ of error in September 1993 and overruled a motion for rehearing in October
1993.

 On May 26, 1994, less than four years after the dissolution of Parts Ltd. and Center
Ltd., Plaintiffs brought the present action against TCRA and its partners for (1) an accounting of
their partnership interests, (2) damages for fraud, conversion, and breach of fiduciary duty,
(3) damages for violations of section 6.05 of the Texas Revised Limited Partnership Act
("TRLPA"), Tex. Rev. Civ. Stat. Ann. art. 6132a-1, §§ 1.01-13.09 (West Supp. 1999), and
(4) damages for violations of section 38 of the Texas Uniform Partnership Act ("TUPA"), Tex.
Rev. Civ. Stat. Ann. art. 6132b, §§ 1-47 (West 1970 & Supp. 1999). The attorney who
represented the plaintiffs in the 1988 suit also represents Plaintiffs in this suit.

 Defendants filed a motion for summary judgment, which the trial court granted on
unspecified grounds. Plaintiffs appeal the trial court's ruling with respect to the first, second, and
fourth elements of their complaint, but have waived the third element, i.e., that relating to section
6.05 of the TRLPA.

DISCUSSION

 In reviewing a summary judgment in which the trial court has not provided the
specific basis for its decision, we must review each argument asserted in the motion and affirm
the trial court's judgment if any of these arguments is meritorious. See Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995). The standards that we use to review summary judgments
are well established: (1) the movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true; and (3) every reasonable inference must be
drawn in favor of the non-movant and any doubts resolved in its favor. See Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). When the movant relies on an affirmative
defense, he must establish each element of the defense as a matter of law. See Johnson & Johnson
Medical, Inc. v. Sanchez, 924 S.W.2d 925, 927 (Tex. 1996).

 Defendants asserted eight arguments in their motion for summary judgment. Two
of these arguments related only to alleged violations of section 6.05 of the TRLPA, which have
been waived by Plaintiffs on appeal. The following arguments remain for us to consider: (1) all
of Plaintiffs' claims are barred by the doctrine of res judicata; (2) litigation of issues that are
critical to all of Plaintiffs' causes of action is barred by the doctrine of collateral estoppel;
(3) Plaintiffs' claims for breach of fiduciary duty are barred by the two-year statute of limitation;
(4) Plaintiffs are, as a matter of law, unable to establish any breach of fiduciary duty because the
acts complained of were explicitly authorized in the partnership agreement; (5) Plaintiffs' claims
under section 38 of the TUPA are unsupportable based on the language of the statute and the fact
that Plaintiffs failed to timely assert their claims; and (6) claims based on section 38 of the TUPA
are inconsistent with section 6.05 of the TRLPA and are therefore inapplicable to section 6(2) of
the TUPA. We begin by considering the claims related to res judicata and collateral estoppel,
because they are the only summary judgment grounds that relate to all of Plaintiffs' causes of
action.


Res Judicata

 In their motion for summary judgment, Defendants asserted that all of Plaintiffs'
claims are barred by the doctrine of res judicata. Specifically, they argued that the 1988 suit
covered the same subject matter as the present litigation and that Plaintiffs were in privity with the
plaintiffs in that case through their relationship as limited partners in Parts Ltd. and Center Ltd.

 Generally, individuals are not bound by a judgment to which they were not a party. 
Under certain circumstances, the doctrine of res judicata, or claim preclusion, creates an exception
to this general rule in order to prevent relitigation of claims that (1) have been finally adjudicated,
or (2) could have been raised with proper diligence in the course of previous litigation (that
terminated in final judgment) over the same subject matter. Barr v. Resolution Trust Corp., 837
S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of the following elements: (1) a prior
final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those
in privity with them; and (3) a second action based on claims that were raised or could have been
raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). 
Because Defendants raised res judicata as an affirmative defense at the summary judgment stage,
they bore the burden of proving each of these elements conclusively. See Johnson & Johnson
Medical, 924 S.W.2d at 927. Plaintiffs do not contest the first and third elements of res judicata,
but only whether Plaintiffs in this action were in privity with those against whom judgment was
rendered in the 1988 suit.

 Privity connotes those who are in law so connected with a party to a judgment as
to have such an identity of interest that the party to the judgment represented the same legal right. 
Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 363 (Tex. 1971). The Texas Supreme Court
has stated that there is not a specific definition of privity that can be applied generally to all res
judicata cases; instead, the circumstances of each case must be carefully examined. Getty Oil Co.
v. Insurance Co. of N. Am., 845 S.W.2d 794, 800 (Tex. 1992); Benson, 468 S.W.2d at 363. In
attempting to structure the analysis of privity issues, the supreme court has recognized that a party
can be in privity with another in at least three ways: (1) by controlling the action that resulted in
judgment without being a party to it; (2) by having its interests represented by a party to the
action; or (3) by acting as a successor in interest, deriving its claims from a party to the prior
action. Amstadt, 919 S.W.2d at 653; Getty, 845 S.W.2d at 800; Benson, 468 S.W.2d at 363. 
Defendants here do not contend, and no evidence suggests, that Plaintiffs are successors in interest
to the plaintiffs in the 1988 suit. Thus, our analysis must concentrate on whether Defendants have
conclusively established either that Plaintiffs (1) controlled the 1988 suit, or (2) were adequately
represented in its adjudication.

 In determining whether privity exists through control over a prior action, Texas
courts have focused on whether an individual actively and openly participated in the prior
proceedings to such an extent that it was clear that the individual had the right to direct them. See
Elliott v. Hamilton, 767 S.W.2d 262, 263 (Tex. App.--Beaumont 1989, writ denied); Dairyland
County Mut. Ins. Co. v. Estate of Basnight, 557 S.W.2d 597, 602 (Tex. Civ. App.--Waco 1977,
writ ref'd n.r.e.) (requiring "active or open" participation by non-parties for res judicata to bind
them to judgment). Mere participation in a prior trial does not suffice to bind the participant to
its result. Parker v. Schmeltekopf, 504 S.W.2d 817, 819 (Tex. Civ. App.--Austin 1974, no writ). 
Thus, mere knowledge of an ongoing trial is also not sufficient demonstration of control to warrant
a finding of privity. Although the record indicates that Plaintiffs were aware of the 1988 suit and,
in some instances, participated as witnesses, these facts alone cannot establish privity under a
control-of-litigation theory.

 Defendants suggest that the use of the same attorney by Plaintiffs in the present
action and the plaintiffs in the 1988 suit indicates that Plaintiffs were able to exercise some control
over the 1988 suit. We are unable to infer a connection between choice of an attorney and control
of litigation on the facts of this case. Moreover, an affidavit by Lindy Cannon, one of the
plaintiffs in the 1988 suit, avers that the present Plaintiffs in no way controlled or directed that
litigation. At a minimum, therefore, questions of material fact remain as to whether Plaintiffs
exercised any direct control over the 1988 suit, rendering a conclusive finding of privity
inappropriate under that theory.

 We next turn to the question of whether Plaintiffs were adequately represented in
the 1988 suit and are thereby barred from relitigating its result. The Texas Supreme Court has
emphasized that the mere fact that persons may happen to be interested in the same question or in
proving the same state of facts is not sufficient to prove privity through adequate representation. 
Benson, 468 S.W.2d at 363. In the partnership context, one Texas court has held that actions
taken on behalf of a partnership adequately represent the interest of all the partners in the
partnership, thereby barring any subsequent litigation by individual partners on the same subject
matter. C & C Partners v. Sun Exploration & Prod. Co., 783 S.W.2d 707, 722-23 (Tex.
App.--Dallas 1989, writ denied). However, the relationship between a partnership and its
partners differs from that between partners. As reflected in C & C Partners, a partnership and
its partners typically share a single cause of action; thus, a judgment in favor of the partnership
directly improves the position of the partners. See C & C Partners, 783 S.W.2d at 723. While
limited partners may, in some senses, relate to the general partner in the same way, each possesses
rights against the general partner that are independent of the rights of other limited partners, even
under the same partnership agreement. See TUPA § 22 ("Any partner shall have the right to a
formal account as to partnership affairs . . . .").

 Defendants argue that the Fifth Circuit and two other jurisdictions have found
privity to exist in circumstances similar to those here and that we should be persuaded by their
holdings. The cases cited by Defendants, however, are distinguishable. In 1488, Inc. v. Philsec
Investment Corp., 939 F.2d 1281, 1290 (5th Cir. 1991), the Fifth Circuit held that a judgment in
a negligence suit brought by one entity supported a res judicata bar in a similar suit brought by
two affiliated entities. One of the entities in the second suit was wholly owned by the corporation
that brought and lost the initial suit. The other entity was a sister corporation of the original
plaintiff, i.e., both were owned by the same parent. Id. at 1284-85. While describing the three
entities as "partners," the court's finding of privity between them turned on their mutual
relationship to a single owner. Id. at 1290. Since the same entity owned the original and
subsequent plaintiffs, the subsequent plaintiffs were deemed to have been adequately represented
in the original suit. The fact that all three entities shared the same attorney merely reinforced the
extent to which the interests of each were represented in the first action and the extent to which
each entity was able to exert control over that first action. Id.

 In the two cases from other jurisdictions, the courts held that the doctrine of res
judicata barred limited partners from relitigating claims that had been litigated in a previous action
on behalf of the partnership. See Smith v. Jenkins, 562 A.2d 610, 616 (D.C. 1989) (barring two
limited partners from bringing action for misrepresentation against former general partner because
same claims had been previously litigated on behalf of partnership by another general partner);
United States v. Geophysical Corp., 732 F.2d 693, 697 (9th Cir. 1984) (barring limited partner
from litigating claims that had already been resolved in case involving partnership). In this sense,
the Smith and Geophysical Corp. decisions resemble C & C Partners, which was discussed
previously. Such cases are not directly relevant to our analysis. In the present case, no proof has
been offered that the 1988 suit was initiated on behalf of the partnership or all limited partners. 
In fact, the affidavit of one of the plaintiffs to the 1988 suit explicitly states that the present
Plaintiffs in no way controlled the 1988 suit and that the 1988 suit did not represent their interests.

 The Smith court also found that one of the limited partners had himself acted as lead
counsel in both the first and second litigation. Thus, he was in a position to directly control both
cases. Smith, 562 A.2d at 616. In the case at bar, Plaintiffs merely used the same attorney that
the plaintiffs in the 1988 suit had used. Unlike the situation in Smith, however, this does not
prove conclusively that Plaintiffs controlled the 1988 suit; in fact, it does not prove that Plaintiffs
in any way participated in the litigation of that suit.

 Thus, Defendants have not proven conclusively that Plaintiffs were in privity with
the plaintiffs in the 1988 suit. Defendants have failed to produce conclusive evidence that
Plaintiffs exerted any control over the 1988 suit. Likewise, Defendants have not provided
conclusive evidence that Plaintiffs' interests were represented by the plaintiffs in that case. In
order to prove the latter, Plaintiffs must adduce evidence that the 1988 plaintiffs represented all
the limited partners. The fact that they were bound by the same partnership agreement no more
binds these limited partners than if they had been investors in the same corporation. We are
therefore unable to affirm summary judgment in favor of Defendants on res judicata grounds.


Collateral Estoppel

 The doctrine of collateral estoppel prevents relitigation of particular issues already
resolved in a prior suit. Barr, 837 S.W.2d at 628. To invoke the doctrine of collateral estoppel,
a party must establish that: "(1) the facts sought to be litigated [in the action at bar] were fully
and fairly litigated in the prior action; (2) those facts were essential to the judgment in the [prior]
action; and (3) the parties were cast as adversaries in the [prior] action." Eagle Properties, Ltd.
v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990) (quoting Bonniwell v. Beech Aircraft Corp., 663
S.W.2d 816, 818 (Tex. 1984)). The supreme court has held that although this definition does not
require mutuality for the invocation of collateral estoppel, it is necessary that the party against
whom the plea of collateral estoppel is asserted have been a party, or in privity with a party, in
the prior litigation. Eagle Properties, 807 S.W.2d at 721. As the court reiterated in Eagle
Properties, "[t]he doctrine [of collateral estoppel] applies when the party against whom collateral
estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." Eagle
Properties, 807 S.W.2d at 721 (quoting Tarter v. Metropolitan Sav. & Loan Ass'n, 744 S.W.2d
926, 927 (Tex. 1988)) (emphasis added by Eagle Properties court).

 Plaintiffs have not litigated the issues of this case previously. Since we have also
found that Defendants failed to prove conclusively that Plaintiffs were in privity with the plaintiffs
in the 1988 suit, summary judgment was not appropriate on collateral estoppel grounds.


Statute of Limitations

 Defendants assert that Plaintiffs' claims for breach of fiduciary duty are barred by
the two-year statute of limitations outlined in section 16.003 of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 1999). They
essentially concede that Plaintiffs could not have brought their claims until dissolution of the
partnership on May 30, 1990.

 When moving for summary judgment based on limitations, a defendant must
conclusively establish the bar of limitations. See Jennings v. Burgess, 917 S.W.2d 790, 793 (Tex.
1996). Moreover, a defendant seeking summary judgment on the basis of limitations must prove
when the cause of action accrued and, if the discovery rule is applicable, must negate the discovery
rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff
discovered or should have discovered the nature of the injury. See id.; Burns v. Thomas, 786
S.W.2d 266, 267 (Tex. 1990).

 Defendants here contend that claims for breach of fiduciary duty are governed by
section 16.003(a) of the Texas Civil Practice and Remedies Code, which generally applies to tort
claims. That section provides:


 (a) Except as provided by Sections 16.010 and 16.0045, a person must
bring suit for trespass for injury to the estate or to the property of another,
conversion of personal property, taking or detaining the personal property of
another, personal injury, forcible entry and detainer, and forcible detainer not later
than two years after the day the cause of action accrues.


Civ. Prac. & Rem. Code § 16.003(a). Several Texas courts have agreed with Defendants' position
and placed breach-of-fiduciary-duty claims within the category of actions governed by the two-year
limitations period set forth in section 16.003. See Farias v. Laredo Nat'l Bank, 985 S.W.2d 465,
471 (Tex. App.--San Antonio 1997, pet. denied); Smith v. Little, 903 S.W.2d 780, 786 (Tex.
App.--Dallas 1995), aff'd in part & rev'd in part on other grounds, 943 S.W.2d 414 (Tex. 1997);
Clade v. Larsen, 838 S.W.2d 277, 281 (Tex. App.--Dallas 1992, writ denied); Russel v.
Campbell, 725 S.W.2d 739, 744 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.);
Redman Indus., Inc. v. Couch, 613 S.W.2d.787, 789 (Tex. App.--Houston [14th Dist.] 1982,
writ ref'd n.r.e.).

 The Corpus Christi Court of Appeals, however, has subjected breach-of-fiduciary-duty actions to a four-year limitations period, reasoning that such an action "subsumes a claim of
constructive fraud." In re Estate of Herring, 970 S.W.2d 583, 587 (Tex. App.--Corpus Christi
1998, no pet.); Perez v. Gulley, 829 S.W.2d 388, 390 (Tex. App.--Corpus Christi 1992, writ
denied). After equating breach of fiduciary duty with constructive fraud, that court applies the
four-year residual statute of limitations found in section 16.051 of the Texas Civil Practice &
Remedies Code. (2) See Herring, 970 S.W.2d at 587; Perez, 829 S.W.2d at 390.

 Plaintiffs argue that breach-of-fiduciary-duty claims, intertwined with an action for
accounting of a partnership, are governed by the four-year statute of limitations contained in
section 16.004(c) of the Texas Civil Practice and Remedies Code. That provision states:


A person must bring suit against his partner for a settlement of partnership
accounts, and must bring an action on an open or stated account, or on a mutual
and current account concerning the trade of merchandise between merchants or
their agents or factors, not later than four years after the day that the cause of
action accrues. For purposes of this subsection, the cause of action accrues on the
day that the dealings in which the parties were interested together cease.



Civ. Prac. & Rem. Code § 16.004(c) (West 1986). Plaintiffs have not presented any cases that
support their argument.

 We conclude that a claim for breach of fiduciary duty best fits within the two-year
limitations period provided in section 16.003. In a breach-of-fiduciary-duty claim, particularly
one involving a partnership, a plaintiff alleges an injury to his or her interest in property. Thus,
we believe that such claims fall within the language describing "injury to the estate or to the
property of another." Although Plaintiffs' causes of action in the present case relate generally to
partnership accounting, and violations of the TUPA relate to "settlement of partnership accounts,"
a breach-of-fiduciary-duty claim is independent of this settlement of accounts and should, we
believe, be subject to the two-year statute of limitations.

 Having concluded that Plaintiffs' breach-of-fiduciary-duty claims are governed by
the two-year statute of limitations, we must determine when the limitations period began to run. 
Limitations begins to run on a breach-of-fiduciary-duty claim when "the claimant knew or should
have known of facts that in the exercise of reasonable diligence would have led to the discovery
of the wrongful act." Little v. Smith, 943 S.W.2d 414, 420 (Tex. 1997). We agree with
Defendants that limitations began to run, at the very latest, on the date of the dissolution of the
partnerships: May 30, 1990. At that point, all limited partners knew of the transactions that serve
as the foundation for the alleged breaches of fiduciary duty in this suit. Moreover, based on the
fact that the same causes of action were raised in the 1988 suit, all limited partners had reason to
question the conduct of the general partner. Thus, the two-year period expired on May 30, 1992,
and Plaintiffs' claims for breach of fiduciary duty--brought in May 1994--are barred.

 Plaintiffs argue that the statute of limitations for partnership malfeasance does not
begin to run until a partnership accounting has been completed. Such reasoning would allow
claims arising out of a partnership to be postponed indefinitely in clear contravention of the
legislative intent expressed in the Civil Practice and Remedies Code limitation-of-action
provisions. The cases cited by Plaintiffs in support of this position stand for the proposition that
in an action by one partner against another, the plaintiff must either plead or prove an accounting
as a basis for fixing potential damages. See Mitchell Resort Enters., Inc. v. C & S Builders, Inc.,
570 S.W.2d 463, 465 (Tex. Civ. App.--Eastland 1978, writ ref'd n.r.e.) (assuming that had
plaintiffs pleaded need for accounting simultaneously with claims for breach of fiduciary duty, jury
verdict would have been affirmed). Plaintiffs further argue that partners have "the right to wait
until the end of the partnership to bring any action for damages." Nowhere in Texas statutory or
case law have we been able to locate a basis for such a right. We reject this argument.

 We affirm the trial court's grant of summary judgment with respect to all claims
for breach of fiduciary duty. Because we conclude that Plaintiffs' claims for breach of fiduciary
duty are barred by the statute of limitations, we do not reach Defendants' additional arguments
related to these claims. (3)


Arguments Related to Article 6132b, Section 38

 In their suit, Plaintiffs also argued that they have a right under section 38 of the
TUPA to be compensated for their partnership interests in cash, rather than in stock. In their
motion for summary judgment, Defendants asserted that: (1) section 38 of the TUPA does not
apply to this case because it is inconsistent with section 6.05 of the TRLPA; (2) if applied, section
38 is permissive rather than mandatory; and (3) Plaintiffs failed to timely assert any rights that
they may have had under § 38.

 Section 38(1) of the TUPA provides in relevant part:


When dissolution is caused in any way, except in contravention of the partnership
agreement, each partner, as against his co-partners and all persons claiming
through them in respect of their interests in the partnership, unless otherwise
agreed, may have the partnership property applied to discharge its liabilities, and
the surplus applied to pay in cash the net amount owing to the respective partners.



TUPA § 38(1). Section 38 certainly grants partners of a dissolving partnership the right to require
liquidation and to receive their partnership interest in cash, but it does not mandate it. Thus, in
the absence of a specific request or demand for cash by one or more partners, the partnership is
free to pay partners by in-kind distribution or any other appropriate method.

 In the present case, Plaintiffs do not contend that they received less than their fair
share of the partnerships' surplus. They simply argue that they should have received cash instead
of stock. The uncontested summary judgment evidence shows, however, that Plaintiffs never
objected to receiving Parts Inc. stock as payment for their respective interests in the partnerships'
surplus. Accordingly, they waived whatever rights they may have had under section 38 of the
TUPA.

 In light of the foregoing holdings, we need not address Plaintiffs' other arguments.


CONCLUSION

 Because we conclude that claims for breach of fiduciary duty fall within the two-year statute of limitations outlined in section 16.003 of the Texas Civil Practice & Remedies Code,
we affirm the trial court's summary judgment with respect to those claims. Because we conclude
that Plaintiffs waived whatever rights they may have had under section 38 of the TUPA to receive
cash for their partnership interests, we also affirm the summary judgment as to that claim. 
Defendants have failed, however, to provide a sufficient basis for summary judgment with respect
to Plaintiffs' claims for fraud, conversion, and for an accounting. We therefore reverse the trial 
court's summary judgment with respect to those claims and sever and remand that portion of the
cause for further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: August 26, 1999

Publish

1. Cannon and Rich were also named as plaintiffs in this cause and filed a notice of appeal
from the trial court's judgment; on their motion, we have previously dismissed the appeal as to them.
2. Section 16.051 provides: "Every action for which there is no express limitations period,
except an action for the recovery of real property, must be brought not later than four years after
the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997).
3. We note that Defendants' motion for summary judgment asserted that "Plaintiffs' claims
for breach of fiduciary duty are barred by a two-year statute of limitation." No mention is made
of Plaintiffs' claims for fraud and conversion. Accordingly, we cannot assume that Defendants
intended to assert the bar of limitations against the fraud and conversion claims.


at they have a right under section 38 of the
TUPA to be compensated for their partnership interests in cash, rather than in stock. In their
motion for summary judgment, Defendants asserted that: (1) section 38 of the TUPA does not
apply to this case because it is inconsistent with section 6.05 of the TRLPA; (2) if applied, section
38 is permissive rather than mandatory; and (3) Plaintiffs failed to timely assert any rights that
they may have had under § 38.

 Section 38(1) of the TUPA provides in relevant part:


When dissolution is caused in any way, except in contravention of the partnership
agreement, each partner, as against his co-partners and all persons claiming
through them in respect of their interests in the partnership, unless otherwise
agreed, may have the partnership property applied to discharge its liabilities, and
the surplus applied to pay in cash the net amount owing to the respective partners.



TUPA § 38(1). Section 38 certainly grants partners of a dissolving partnership the right to require
liquidation and to receive their partnership interest in cash, but it does not mandate it. Thus, in
the absence of a specific request or demand for cash by one or more partners, the partnership is
free to pay partners by in-kind distribution or any other appropriate method.

 In the present case, Plaintiffs do not contend that they received less than their fair
share of the partnerships' surplus. They simply argue that they should have received cash instead
of stock. The uncontested summary judgment evidence shows, however, that Plaintiffs never
objected to receiving Parts Inc. stock as payment for their respective interests in the partnerships'
surplus. Accordingly, they waived whatever rights they may have had under section 38 of the
TUPA.

 In light of the foregoing holdings, we need not address Plaintiffs' other arguments.


CONCLUSION

 Because we conclude that claims for breach of fiduciary duty fall within the two-year statute of limitations outlined in section 16.003 of the Texas Civil Practice & Remedies Code,
we affirm the trial court's summary judgment with respect to those claims. Because we conclude
that Plaintiffs waived whatever rights they may have had under section 38 of the TUPA to receive
cash for their partnership interests, we