# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00509-CV

**RenewData Corporation, Appellant**

**v.**

**eMag Solutions, LLC; Brendan Sullivan; Quintin Gregor; and Shawn Strickler, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN500820, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

RenewData Corporation ("RenewData") brought suit against eMag Solutions, LLC ("eMag"), Brendan Sullivan, and Quintin Gregor (collectively, "the eMag Defendants") for conspiracy to breach fiduciary duty, participation in breach of fiduciary duty, misappropriation of trade secrets, tortious interference with contract, and conversion. RenewData also named Shawn Strickler as a defendant in its misappropriation of trade secrets and conversion claims. The eMag Defendants and Strickler filed a traditional motion for summary judgment contending that all causes of action were barred by res judicata. The district court granted the motion and signed an order dismissing the case with prejudice. By two issues, RenewData asserts that res judicata does not apply. We will affirm the district court judgment in part, reverse it in part, and remand the cause for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

RenewData is a litigation-support company specializing in electronic evidence recovery. It uses proprietary software and processes it has developed to access electronic data stored on back-up tapes and hard drives that would otherwise be inaccessible or cost-prohibitive to retrieve. eMag is one of RenewData's two direct competitors in the United States; Sullivan is eMag's chief executive officer, and Gregor is eMag's vice president of business development. Strickler worked for RenewData for approximately seven months as its director of corporate sales. Upon his employment with RenewData, Strickler signed a Proprietary Information and Inventions Agreement ("the Agreement") containing non-compete and non-disclosure provisions. After RenewData terminated Strickler in November 2003, he contacted Sullivan to introduce himself and explore employment opportunities with eMag. Before accepting employment with eMag, Strickler requested that RenewData waive the non-compete clause of the Agreement. RenewData declined this request and informed Strickler that it would consider his employment with eMag a breach of the Agreement.

*The Suit Against Strickler*

Strickler began working for eMag in January 2004 as its director of electronic evidence services. Shortly thereafter, RenewData sued Strickler asserting causes of action for breach of contract, tortious interference with prospective business, and breach of fiduciary duty ("the Strickler suit"). RenewData also sought injunctive relief. The eMag Defendants were not parties to the Strickler suit. RenewData alleged that Strickler had violated the Agreement by working for eMag and soliciting RenewData's customers using confidential information obtained while working for RenewData. The trial court issued a temporary injunction prohibiting Strickler from making

2

sales calls to RenewData's customers and from disclosing RenewData's proprietary information, but did not enjoin Strickler from continuing to work for eMag.

RenewData's trial against Strickler took place in January 2005. The evidence presented included Sullivan's and Gregor's deposition testimony. The trial court partially granted Strickler's motion for directed verdict on the ground that the covenant not to compete was unenforceable. On the remaining issues, the jury found that Strickler (1) breached the Agreement by disclosing RenewData's proprietary information and failing to return RenewData's company documents, (2) tortiously interfered with RenewData's prospective business, and (3) failed to comply with his post-termination fiduciary duty to RenewData. The jury awarded $2,500 on RenewData's claims for tortious interference and breach of fiduciary duty, but did not award any damages on the breach of contract claims. The district court rendered judgment awarding RenewData $2,500 in actual damages, $1 as nominal damages for the breach of contract claim, and attorneys' fees. The court also permanently enjoined Strickler from disclosing RenewData's proprietary information. This Court affirmed that judgment in March 2006.[1] *See RenewData Corp. v. Strickler*, No. 03-05-00273-CV, 2006 Tex. App. LEXIS 1689 (Tex. App.—Austin Mar. 3, 2006, pet dism'd by agr.) (mem. op.).

---

[1] In post-submission briefing, the eMag Defendants argue that Strickler's payment of the final judgment in the Strickler suit acts as a bar to this suit under the "one satisfaction rule." While the eMag Defendants contend that the "one satisfaction rule" renders the appeal moot, the rule is more in the nature of an affirmative defense that could serve as an alternative ground for summary judgment. Because the eMag Defendants' motion did not include the "one satisfaction rule" as a ground for summary judgment, however, this Court could not affirm the judgment on that ground. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997) (summary judgment cannot be affirmed on ground not asserted in motion).

*The Suit Against the eMag Defendants*

Shortly after the jury returned its verdict in the Strickler suit, RenewData brought the present action against the eMag Defendants. RenewData also named Strickler as a defendant. RenewData alleged that the eMag Defendants encouraged Strickler to use confidential information to solicit new business for eMag in breach of his fiduciary duties to his former employer and "improperly discovered [RenewData's] trade secrets by hiring Strickler and encouraging him to use this information to generate sales." RenewData further contended that the eMag Defendants tortiously interfered with the Agreement by hiring Strickler and encouraging him to solicit RenewData's customers and business opportunities. Finally, RenewData claimed that the eMag Defendants wrongfully exercised control over property—lists of customers and business opportunities—that Strickler had failed to return to RenewData upon termination. The eMag Defendants and Strickler filed a motion for summary judgment on the affirmative defense of res judicata. The trial court granted the motion as to all defendants and signed an order dismissing the cause with prejudice. RenewData appeals, contending in two issues that res judicata does not apply because (1) the eMag Defendants failed to establish that they were in privity with Strickler, and (2) the eMag Defendants and Strickler failed to establish that the claims asserted in the present suit could have been litigated in the Strickler suit.

## STANDARD OF REVIEW

The standards for reviewing a traditional summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material

fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *See Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001). When the defendant relies on an affirmative defense, he must conclusively establish each element of the defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## DISCUSSION

In their motion for summary judgment, the eMag Defendants and Strickler asserted that all of RenewData's claims are barred by the doctrine of res judicata. Specifically, they argued that the present case is based on the same claims that were raised or could have been raised in the Strickler suit, that Strickler was a party to that suit, and that the eMag Defendants were in privity with Strickler. Ordinarily, individuals are not bound by a judgment to which they were not a party. *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Under certain circumstances, however, res judicata, or "claim preclusion," prevents relitigation of claims that (1) have been finally adjudicated, or (2) could have been raised with proper diligence in the course of previous litigation over the same subject matter. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *Maxson v. Travis County Rent Account*, 21 S.W.3d 311, 315 (Tex. App.—Austin 1999, pet. dism'd by agr.). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on claims that were raised or could have been raised in the first action. *Amstadt*, 919 S.W.2d at 652. As defendants raising res judicata as an affirmative

5

defense, the eMag Defendants and Strickler had the burden of proving each of those elements conclusively. *See Science Spectrum*, 941 S.W.2d at 911. RenewData does not contest the first element of res judicata, but does dispute that there was conclusive proof of privity. RenewData also contends the eMag Defendants and Strickler failed to conclusively establish that it could have raised the claims brought in the present case in the Strickler suit.

Privity connotes those who are in law so connected with a party to a judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Maxson*, 21 S.W.3d at 316 (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971)). The supreme court has held that a party can be in privity with another in at least three ways: (1) by controlling the action that resulted in judgment, without being a party to it; (2) by having its interests represented by a party to the action; or (3) by acting as a successor in interest to a party to the prior action. *Amstadt*, 919 S.W.2d at 653; *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992); *Benson*, 468 S.W.2d at 363. The eMag Defendants do not contend that they are successors in interest to any parties to the Strickler suit. Therefore, the analysis focuses on whether the eMag Defendants conclusively established either that they controlled the Strickler suit or that their interests were adequately represented therein. *See Maxson*, 21 S.W.3d at 316.[2]

### Control of Action by Nonparty

To determine whether privity exists through control over prior litigation, Texas courts have focused on whether a party to the second proceedings actively and openly participated in the

---

[2] We confine our privity analysis to the eMag Defendants. The second element of res judicata with respect to Strickler is met because he was the defendant in the Strickler suit.

prior proceedings to such an extent that it was clear the party had the right to direct them. *Maxson*, 21 S.W.3d at 316 (citing *Elliot v. Hamilton*, 767 S.W.2d 262, 263 (Tex. App.—Beaumont 1989, writ denied) and *Dairyland County Mut. Ins. Co. v. Estate of Basnight*, 557 S.W.2d 597, 602 (Tex. Civ. App.—Waco 1977, writ ref'd n.r.e.)). In their motion for summary judgment, the eMag Defendants presented only the following evidence to demonstrate they controlled the Strickler suit: (1) Gregor and Sullivan testified by deposition in the Strickler suit; (2) Gregor's and Sullivan's testimony was favorable to Strickler on matters that are at issue in the present case; and (3) eMag paid for Strickler's defense in the Strickler suit.

We conclude that the foregoing evidence fails to conclusively establish that the eMag Defendants controlled the Strickler suit. Mere participation in a prior trial does not suffice to bind the participant to its outcome. *Maxson*, 21 S.W.3d at 316; *Parker v. Schmeltekopf*, 504 S.W.2d 817, 819 (Tex. Civ. App.—Austin 1974, no writ). The fact that the eMag Defendants paid Strickler's legal fees, without more, falls short of conclusively establishing that they actively and openly participated in the Strickler suit such that it was clear they had the right to direct it. *See Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987) (noting that financing prior litigation is not enough to show privity; it is essential that nonparty have actual control). Significantly, in her affidavit supporting the eMag Defendants' motion for summary judgment, Betsy Hall Bender, Strickler's attorney in the prior suit, did not aver that the eMag Defendants had the right to, or did, control Strickler's defense. Sullivan himself testified that he had a conversation with Bender in February 2004 to find out the status of the Strickler suit; after that, he and Strickler would speak occasionally about how the Strickler suit was proceeding. Rather than establish control, this

7

testimony tends to suggest no more than a passing interest in the progress of the Strickler suit. At a minimum, there exist questions of material fact as to whether the eMag Defendants exercised the requisite degree of control over the Strickler suit. Consequently, a conclusive finding of privity under the control theory is insupportable.

### *Interests of Nonparty Represented by Party*

We next address the question of whether the interests of the eMag Defendants were adequately represented in the Strickler suit. The mere fact that individuals are interested in the same question or in proving the same set of facts is not sufficient to prove privity through adequate representation. *Benson*, 468 S.W.2d at 363; *Maxson*, 21 S.W.3d at 316-17. Rather, the individuals must share "an identity of interests in the basic legal right that is the subject of the litigation." *Amstadt*, 919 S.W.2d at 653. The eMag Defendants argued that this identity of interests exists because their liability is derivative of Strickler's conduct. *See Marange v. Marshall*, 402 S.W.2d 236, 238-39 (Tex. Civ. App.—Corpus Christi 1966, writ ref'd n.r.e.) (applying res judicata to bar claim against employer whose liability to plaintiff depends upon doctrine of respondeat superior). In order for the Strickler suit to act as a bar under this theory, the eMag Defendants would have to show that their potential liability is entirely derivative of the claims against Strickler. *See Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977) (whether second suit against employer is barred by prior suit against employee turns on whether second suit asserts claims not entirely derivative of liability pursued against employee in first suit). Essentially, the present suit would have to sound in a type of claim that would permit RenewData to hold the eMag Defendants liable for Strickler's conduct, as opposed to their own. Here, however, RenewData asserts causes of action against the eMag

8

Defendants arising out of *their* conduct, not Strickler's. The claims against them are based on allegations of their independent tortious activities. While the eMag Defendants may have an interest in proving the same facts that Strickler did in the earlier suit—that is, that he did not breach the Agreement and did not wrongfully interfere with RenewData's prospective business—this is not sufficient to meet the adequate representation requirement of the privity analysis. *See Benson*, 468 S.W.2d at 363; *Maxson*, 21 S.W.3d at 316-17.

Further, the eMag Defendants and Strickler might have divergent interests with respect to certain facts. For example, Strickler may have had no incentive to present evidence in the Strickler suit that he acted without the knowledge or acquiescence of his employer or its principals. In fact, he was likely motivated to establish the opposite, whereas the eMag Defendants would be inclined to emphasize facts tending to show that if Strickler engaged in any wrongful conduct, it was neither at their direction nor with their knowledge or consent.[3] Under these facts, because the present action seeks to hold the eMag Defendants liable for their own conduct, rather than for Strickler's, the identity of interest necessary to establish privity is absent.

### Allegations of Conspiracy

The eMag Defendants further argue that allegations of a conspiracy between the eMag Defendants and Strickler appear in the pleadings in both the Strickler suit and the present action, and

---

[3] Our opinion affirming the trial court's judgment in the Strickler suit notes just such contradictory testimony. *See RenewData Corp. v. Strickler*, No. 03-05-00273-CV, 2006 Tex. App. LEXIS 1689, at *7 (Tex. App.—Austin Mar. 3, 2006, pet dism'd by agr.) (mem. op.) ("Although Strickler testified that he made this contact with DTI at eMag's request, Sullivan testified that it would be inappropriate for an employee like Strickler, who had worked previously at Renew, to contact someone who had done business with him at his former place of employment.").

that such allegations establish that they were in privity.  *See Jonalstem, Ltd. v. Corpus Christi Nat'l Bank*, 923 S.W.2d 701, 704-05 (Tex. App.—Corpus Christi 1996, writ denied).[4]  We do not agree that RenewData's pleadings in the Strickler suit alleged a conspiracy between Strickler and the eMag Defendants.  The stated causes of action were Strickler's (1) breach of the Agreement; (2) tortious interference with prospective business; and (3) breach of his fiduciary duty to RenewData.  The eMag Defendants acknowledged as much in their briefing in the trial court, stating that the petition in the Strickler suit "does not allege a claim for conspiracy."  In *Jonalstem*, the privity holding was apparently based on the court's conclusion that because both suits contained the same allegations of conspiracy, the defendant in the first suit "had an interest in demonstrating that no conspiracy existed" sufficient to adequately represent the interests of the defendants in the second suit.  923 S.W.2d at 704.  Because Strickler was not defending against a conspiracy claim in the Strickler suit, he had no such interest in disproving a conspiracy with the eMag Defendants.  Consequently, the summary judgment evidence does not show as a matter of law that the eMag Defendants' interests were adequately represented in the Strickler suit.

The eMag Defendants' reliance on *Soto v. Phillips*, 836 S.W.2d 266 (Tex. App.—San Antonio 1992, writ denied) is likewise misplaced.  The *Soto* court's privity holding did not rely on allegations that the parties seeking to establish privity were "acting in concert."  Rather,

---

[4] RenewData contends that the eMag Defendants are precluded from making this argument because it was not stated as a specific ground for summary judgment and is therefore waived.  We disagree.  The motion was sufficiently specific to raise the ground of res judicata.  It is apparent from the motion that the eMag Defendants were seeking to conclusively establish privity between them and a party to the Strickler suit.  The motion provided RenewData with fair notice of the grounds for their motion and with adequate information to oppose it.  *See Dear v. City of Irving*, 902 S.W.2d 731, 734-35 (Tex. App.—Austin 1995, writ denied).

*Soto* concluded that the second suit was barred by res judicata because of the vicarious relationship between the defendants in the first and second suits. *Id.* at 269 ("A plaintiff may not pursue vicariously liable tort defendants one at a time in successive lawsuits.").

The eMag Defendants have not proven conclusively that they were in privity with the defendant in the Strickler suit. They have failed to produce conclusive evidence that they controlled the Strickler suit or that their interests were represented by the defendant in the Strickler suit. The fact that the eMag Defendants and Strickler may have an interest in the same question or in proving the same set of facts is not sufficient to establish privity. Thus, the eMag Defendants did not conclusively prove an element of the affirmative defense of res judicata. Consequently, we sustain RenewData's first issue. We need not address RenewData's second issue contending that the eMag Defendants failed to conclusively establish that the claims against the eMag Defendants could have been brought in the Strickler suit.

With respect to Strickler, we affirm the portion of the district court order that grants his motion for summary judgment on res judicata grounds. As an initial matter, the eMag Defendants and Strickler state in their brief that RenewData conceded at the hearing on the motion for summary judgment that res judicata barred its claims against Strickler. RenewData does not contradict this statement. The Court may accept the facts stated in briefs as true unless contradicted by the other party's fact rendition. *See* Tex. R. App. P. 38.1(g). RenewData also failed to address the application of res judicata to Strickler either in its brief opposing the motion for summary judgment or in its briefs in this appeal. The uncontradicted statement, coupled with RenewData's failure to argue that res judicata does not bar its claims against Strickler, compels the conclusion that RenewData does

not contest that summary judgment was proper as to Strickler. Regardless, we hold that the summary judgment evidence supports a conclusion that res judicata bars the claims against Strickler in the present action because he was a party to the Strickler suit, and because the claims asserted against him in this case could, with diligence, have been raised in the course of that proceeding. *See Barr*, 837 S.W.2d at 628.

## CONCLUSION

Having concluded that the eMag Defendants failed to conclusively prove an element of their affirmative defense of res judicata, we reverse the trial court's order granting summary judgment for the eMag Defendants and remand the cause to that court for further proceedings. We affirm the portion of the trial court's order granting summary judgment in Strickler's favor.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justice Pemberton and Waldrop

Affirmed in Part, Reversed and Remanded in Part

Filed: May 6, 2009