

## MEMORANDUM OPINION

No. 04-08-00394-CV

Jesus **HERNANDEZ** and Norma Hernandez,
Appellants

v.

Josephina Espinoza **HERNANDEZ**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. Cause No. 24748
Honorable Carl Pendergrass, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   July 29, 2009

REVERSED AND REMANDED

This appeal involves a suit for trespass to try title brought by appellee Josephina  Espinoza

Hernandez against appellants Jesus Hernandez and Norma Hernandez. The trial court granted

Josephina summary judgment based on res judicata, and Jesus and Norma appealed. Because Jesus

and Norma were not parties, nor were they in privity with a party to the judgment upon which the

res judicata finding was based, we reverse the trial court's judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Josephina and Juan Hernandez were married, but divorced in 2000. During their marriage, they executed a deed to certain property located at 705 14th Street, Del Rio, Texas ("the property") to Jesus and Norma. Juan and Jesus are brothers. During Josephina's and Juan's divorce trial, both Norma and Jesus testified that the property had been deeded to them. However, based on the trial testimony, the trial court recognized there was a dispute as to whether the deed in question was in fact a deed or an attempt to place an unconstitutional lien on a homestead. The court stated:

> Well, what I'm going to do is find that the property at 705 East 14th Street that we've been referring to as the home was the homestead of the parties at the time of the execution of the deed to Jesus and Norma Hernandez, and that the deed was, in fact, executed and delivered with intent that it assure Jesus that he was going to have some security for the money that he put in to the property, and I agree with [Josephina's attorney]; it was money that was put in that went to improve the property for work that had been done prior to the time the deed was executed, and was an attempt to put some type of security on the homestead. That's not valid under our constitution and laws on what I have heard here. *Unfortunately, [Jesus] is not a party to this suit, though, and I can't go any further than that.* It might be that if there is a lawsuit brought against him to cancel that deed for being an invalid attempt to put a lien on the homestead, why—and I'm going to award whatever interest the parties have in that property at 705 East Fourth Street, equal one-half interest in whatever interest they have in that, and they can pursue—probably [Josephina], if she wanted to, could attempt to get that deed cancelled as an invalid conveyance, because the facts of the case are it was executed, it was held, it wasn't recorded until the time that the parties had their separation and all this business about [Josephina] came out; her confession, I think is how the parties have referred to it, but Jesus knew that—from the evidence that I have heard here and from his own testimony, that there was trouble, were having trouble and he ought to get some security for whatever he put into [the property], and *I'm making no finding against Jesus; I can't, but whatever [Josephina and Juan] have in there it is theirs equally to pursue.*

(emphasis added). The trial court subsequently entered a final decree of divorce, awarding Josephina and Juan each a one-half interest in the property.

Then, in 2003, Josephina brought this trespass to try title action, claiming in her amended pleadings that the judgment entered in Josephina's and Juan's divorce proceeding was res judicata with regard to the validity of the deed to the property. Thereafter, Josephina filed a supplemental petition for cancellation of the deed to Jesus and Norma, and a motion for summary judgment based on res judicata, arguing that the trial court in the prior divorce proceeding had found that "the purported prior conveyance of the property by [Josephina] to [Norma and Jesus] was void and not valid, as it was made in violation of the laws and Constitution of the State of Texas." The trial court granted partial summary judgment and subsequently held a hearing on damages and entered a final judgment in Josephina's favor. Norma and Jesus appeal this final judgment.

### STANDARD OF REVIEW

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

## RES JUDICATA

"Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). To prove res judicata, a party must establish: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a subsequent action based on the same claims as were raised or could have been raised in the first action. *Id.*

Josephina brought this trespass to try title suit and moved for summary judgment on the ground of res judicata, contending the trial court's judgment in the prior divorce case between Josephina and her former spouse, Juan, was a final decision with regard to the property's title and could not be relitigated.[1] The trial court agreed with Josephina and granted summary judgment in her favor, ordering the deed to Jesus and Norma cancelled. On appeal, Jesus and Norma have urged numerous issues; however, we address only the single dispositive issue—whether Jesus and Norma are bound by the prior divorce judgment because they were neither parties nor in privity with any parties to the divorce suit.

As a general rule, people are not bound by a judgment in a suit to which they were not parties. *Id.* Josephina does not contend that Jesus and Norma were parties to the prior divorce suit but rather that they were in privity with Juan and, therefore, are bound by the trial court's judgment in the prior suit. The Texas Supreme Court has said that people can be in privity in three ways: (1)

---

[1] Res judicata is typically raised as an affirmative defense. *See* TEX. R. CIV. P. 94. In this case, however, res judicata was asserted offensively by the plaintiff. *Cf. Mann v. Old Republic Nat'l Title Ins. Co.*, 975 S.W.2d 347, 350 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (recognizing a plaintiff whose action was defensive in nature could invoke collateral estoppel in moving for summary judgment in a declaratory judgment action). The parties have not briefed the propriety of the offensive use of res judicata in the case before us and, therefore, we do not address this issue in our opinion.

by controlling the action even if they are not parties to it; (2) by having their interests represented by a party to the action; or (3) by acting as "successors in interest, deriving their claims through a party to the prior action." *Id.* at 653. "Privity connotes those who are in law so connected with a party to a judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Maxson v. Travis Co. Rent Account*, 21 S.W.3d 311, 316 (Tex. App.—Austin 1999, pet. dism'd).

Josephina does not argue that Jesus and Norma controlled the prior action or that they were successors in interest to Juan's claims. Josephina does contend, however, that Jesus's and Norma's interests were represented by Juan in the divorce action because Juan, as well as Jesus and Norma, were seeking to prohibit Josephina from obtaining her part of the property. Further, according to Josephina, Juan has been able to continue living in the house on the property.

The Texas Supreme Court has stated that the "mere fact that persons may happen to be interested in the same question or in proving the same state of facts" is not sufficient to prove privity through adequate representation. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971); *see Maxson*, 21 S.W.3d at 316-317 (quoting *Benson*). Here, Josephina has not proven such an identity of interests that res judicata bars litigation regarding title to the property. At the divorce proceeding, Josephina claimed that the deed she and Juan had executed to Jesus and Norma was not a valid deed and, therefore, she and Juan each owned a one-half interest in the property. If the deed was valid and title passed to Jesus and Norma, neither Josephina nor Juan would own an interest in the property. Thus, to a certain extent, Juan's interests in the divorce action were at odds with Jesus's and Norma's interests. Under these circumstances, it cannot be said that Juan represented Jesus's and Norma's interests to such an extent that res judicata would bar further litigation over ownership of

the property. The trial judge in the divorce action even recognized on the record that he could do nothing to affect Jesus's and Norma's rights in the property, and further litigation would be needed to resolve the issue.

In urging res judicata bars relitigation of the title to the property, Josephina relies on two cases. Both are distinguishable. The first case, *In re Estate of Ayala*, involved two will contest suits. 986 S.W.2d 724 (Tex. App.—Corpus Christi 1999, no pet.). In the original suit, one of the deceased's children contested the probate of a holographic will; in the subsequent suit, several other of the deceased's children contested the probate of the same will. *Id*. at 727. The principle applied by the appellate court was stated as: "When litigating interests in a probate estate, 'there is no such privity between [potential beneficiaries] as will make a judgment rendered in a suit in which one or more of them were parties binding and conclusive on others who were not parties or represented... [unless the non-party] is represented by others of the same class....'" *Id*. (quoting 50 C.J.S. *Judgments* § 887(c) (1997)) (alteration in original). Applying this principle to determine privity, the appellate court found privity existed because the son who brought the first suit "contested the same holographic will and was in a position identical to that espoused by [the other children of the deceased]." *Id*. According to the court, all of the deceased's children were in the same class and had the same interest in voiding their father's holographic will. *Id.* In the case before us, we cannot say that Juan was in the same class as Jesus and Norma, nor were their positions identical.

In the second case cited by Josephina, *Dennis v. First State Bank*, the appellate court found res judicata applied to a son who was not a party to the first suit, but whose interests were represented by his father who was a party to the first suit. 989 S.W.2d 22, 27 (Tex. App.—Fort Worth 1998, no pet.). Because the first suit involved corporations and technology of which the son

and father were co-owners and co-developers, the court found the son and the father had such an identity of interests that the father represented the son's legal rights. *Id*. Again, in the case before us, we simply cannot say that the appellants and Juan had such an identity of interests that Juan represented the appellants' legal rights. We, therefore, hold that Josephina failed to prove all the elements of res judicata as required to sustain her summary judgment burden.

Josephina further contends that Jesus and Norma "do not direct the Court to where the trial court relied solely upon res judicata or the divorce decree in granting summary judgment." However, Josephina's motion for summary judgment is based solely upon res judicata. Josephina attached the final decree of divorce to her motion for summary judgment, and she quoted portions of the reporter's record wherein the trial court in the divorce proceeding made statements regarding the validity of the deed in question. Further, Josephina argued that Jesus and Norma were present and testified at the divorce proceeding and, as a consequence, were barred by res judicata from relitigating the issue of ownership of the property. And, Josephina stated in her motion that the divorce decree "is dispositive of this case." There was no ground urged in the motion for summary judgment other than res judicata; therefore, the trial court's judgment was necessarily based on the doctrine of res judicata.

## CONCLUSION

We conclude that the trial court erred in granting Josephina's summary judgment based on res judicata. We reverse the judgment and remand this case to the trial court for further proceedings including, but not limited to, trial on the validity of the deed to Jesus and Norma.[2]

Karen Angelini, Justice

---

[2] We note the appellants alternatively ask us to reverse and render judgment in their favor. They have not, however, raised an issue upon which reversing and rendering judgment would be appropriate.