United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**
_____

No. 06-10090
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff-Appellee,

versus

JEFFERSON DENTAL CLINICS, PA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(No. 3:04-CV-1892)

_____

Before KING, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Before the court is an interlocutory appeal of the district court's denial of summary judgment

to Jefferson Dental. We reverse in part and remand to the district court.

## I.  FACTS AND PROCEEDINGS

Jefferson Dental employs approximately 130 people. Four female former employees of

Jefferson Dental filed charges of discrimination with both the Equal Employment Opportunity

Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR") alleging violations

of Title VII and the corresponding Texas Labor Code provisions. Specifically, three of them alleged

that their supervisor had made sexual comments and had inappropriately touched them. The fourth charging party witnessed much of this behavior. Seventeen days after making the charge to the EEOC, these four charging parties filed a state court action against Jefferson Dental, its president, and one of its former employees. In this suit, the charging parties did not raise any statutory claims but instead brought tort claims for intentional infliction of emotional distress, negligent retention, and wrongful discharge. While discovery in the state court case was progressing, the EEOC filed an action in federal court seeking monetary and injunctive relief. One of the other state court defendants moved for a plea in abatement in the state court case, which Jefferson Dental joined. The charging parties, however, opposed this plea. The state court agreed and scheduled a trial. Prior to the state court trial, the parties attended a court-ordered mediation session. EEOC lawyers attended the session, which did not result in a settlement. EEOC lawyers also attended the trial and communicated with the lawyers for the charging parties. After the state court trial, the court entered a judgment in favor of Jefferson Dental; the four charging parties took nothing.

In the middle of the state court trial, the EEOC responded to discovery requests from Jefferson Dental in the federal case and objected to production of some of the documents. These documents, the EEOC argued, were correspondence with the charging parties' attorneys and were protected by virtue of joint representation, the work product privilege, and the attorney-client privilege. The EEOC made similar objections to discovery on sixty-six occasions. The EEOC also objected to discovery on privacy grounds "on behalf of" the charging parties.

After losing the state court case, the charging parties moved to intervene in the EEOC's federal case. Jefferson Dental opposed the motion. Jefferson Dental also moved for summary judgment on all of the EEOC's claims, arguing that they were barred by the doctrine of res judicata.

The district court denied the charging parties' motion to intervene but also denied Jefferson Dental's motion for summary judgment on the basis that the EEOC was not in privity with the charging parties and that, therefore, res judicata could not apply. The district court acknowledged that its decision permitted the parties to "indirectly receiv[e] a second bite at the apple, which they could not accomplish directly," permitted an interlocutory appeal under 28 U.S.C. § 1292(b), and stayed the proceedings. This court granted leave for Jefferson Dental to appeal the order.

## II. STANDARD OF REVIEW

This court reviews the res judicata effect of a prior state court judgment de novo. *See Schmueser v. Burkburnett Bank*, 937 F.2d 1025, 1031 (5th Cir. 1991). The district court's denial of summary judgment is reviewed de novo. *See Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). "Summary judgment is appropriate if the record shows 'that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 627 (5th Cir. 2001) (quoting FED. R. CIV. P. 56(c)).

## III. DISCUSSION

Jefferson Dental argues that the district court erred in denying its motion for summary judgment because, under Texas law, the EEOC's claims are barred by the doctrine of res judicata. The judgment in the charging parties' case is a final Texas state court judgment. Federal courts give a Texas state court judgment "the preclusive effect it would be given under Texas law." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citing *Hogue v. Royse City*, 939 F.2d 1249, 1252 (5th Cir. 1991)).

Under Texas law, a party seeking to have an action dismissed on the basis of res judicata must establish the presence of three things: "(1) a prior final judgment on the merits by a court of

competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on *causes of action* or defenses which arise out of the same *subject matter* and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630 (Tex. 1992). The EEOC does not dispute that the state court judgment satisfies the first element. Because the district court determined that the EEOC and the charging parties were not in privity, thereby adjudicating the second element against a finding of res judicata, it did not reach the third element.

As to the second element, the application of res judicata to suits by those in privity with a prior party exists to "ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Amstadt*, 919 S.W.2d at 653. The Texas courts have been clear that there is no categorical rule for privity; instead the courts look to "the circumstances of each case." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992).[1] There are at least three ways in which parties can be in privity under Texas law: "(1) they can control an action even if they are not parties to it; (2) their interests can be

_____

[1]Texas caselaw treats privity for res judicata purposes and privity of contract differently. Issues involving privity of contract generally deal with whether or not parties can litigate particular actions in the absence of a contractual relationship. *See, e.g., Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 484 (Tex. 1992) ("Under Texas law, attorneys are not ordinarily liable for damages to a nonclient, because privity of contract is absent."). Privity for res judicata purposes, on the other hand, represents the court's conclusion regarding the character of the relationship between two parties with respect to previously litigated issues. *See Amstadt*, 919 S.W.2d at 653 ("To determine whether subsequent plaintiffs are in privity with prior plaintiffs, we examine the interests the parties shared.").

represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt*, 919 S.W.2d at 653.

Jefferson Dental's position is that the EEOC's suit is barred by res judicata because (1) the EEOC raised objections on behalf of the charging parties and alleged an attorney-client relationship with the charging parties in the federal case, thus exhibiting control; (2) the EEOC participated in the mediation and trial of the charging parties' claims in state court, thus exhibiting control; and (3) the federal suit uses the same factual basis as the state court suit, indicating representation of the EEOC's interests at the state court trial.

## A. Control

Jefferson Dental argues that two types of actions taken by the EEOC indicate that the EEOC controlled the charging parties' litigation. Under Texas law, "[i]n determining whether privity exists through control over a prior action, [the] courts have focused on whether an individual actively and openly participated in the prior proceedings to such an extent that it was clear that the individual had the right to direct them." *Maxson v. Travis County Rent Account*, 21 S.W.3d 311, 316 (Tex. App. 1999), *superseded by statute on other grounds as noted in Rice v. Louis A. Williams & Assocs.*, 86 S.W.3d 329, 333 n.2 (Tex. App. 2002). "[M]ere participation in a prior trial does not suffice to bar the participant on principles of res judicata, nor does knowledge of an ongoing trial." *Brown v. Zimmerman*, 160 S.W.3d 695, 703 (Tex. App. 2005); *see also State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 887 (Tex. App. 2001) (holding that "being copied on letters, attending depositions, and discussing available defenses" are insufficient bases to establish privity).

## (1) Evidentiary objections

Jefferson Dental argues that the EEOC asserted an attorney-client privilege with the charging

parties and that therefore privity exists because "[u]nder Texas law, there is no attorney-client relationship absent a showing of privity." *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). Jefferson Dental's assertion of attorney-client privilege during the *federal* case, however, does not indicate control of the *state* case. *See Brown*, 160 S.W.2d at 703 (noting that participation does not equal control).

Jefferson Dental also argues for privity on the basis that the EEOC raised privacy objections on behalf of the charging parties during discovery. Again, invoking this privilege in the federal action does not create privity. Doing so does not indicate control "to such an extent that it was clear that the [EEOC] had the right to direct [the state court case]." *Maxson,* 21 S.W.3d at 316.

**(2)    Participation at mediation and trial**

Jefferson Dental stresses that the EEOC's attendance at the mediation in the state case, including giving a statement, and attendance at the trial, including consultation with the charging parties' lawyers, establish privity. The EEOC's role in the charging parties' suit, however, does not establish control. Jefferson Dental states that two EEOC attorneys attended the mediation and at least one EEOC attorney attended the entire evidentiary portion of the trial, took notes, aided in jury selection, and communicated frequently with the charging parties and their attorneys. The EEOC explains that its lawyers attended the mediation so that Jefferson Dental could potentially settle all of the disputes at one time. This type of informal participation in the prior trial and mediation by the EEOC's attorneys does not constitute control sufficient to establish privity. *See Maxson,* 21 S.W.3d at 316. The district court properly determined that the EEOC did not exercise control over the state court litigation so as to create privity with the charging parties.

**B.    Representation of interests**

Under Texas law, the touchstone of the representation-of-interests inquiry is whether "the parties share an identity of interests in the basic legal right that is the subject of litigation. To determine whether a prior and later lawsuit involve the same basic subject matter, we focus on the factual basis of the complaint." *Amstadt*, 919 S.W.2d at 653 (internal citation omitted). The interests, however, need not mirror one another. *See id.*

Jefferson Dental argues that the EEOC and the charging parties have sufficiently shared interests in the outcome of the litigation to amount to privity under Texas law. Jefferson Dental relies on *Grimm v. Rizk*, 640 S.W.2d 711, 715 (Tex App. 1982), and *Dennis v. First State Bank of Texas*, 989 S.W.2d 22, 27–28 (Tex. App. 1998). In *Grimm*, a trustee brought a suit on behalf of various individuals but lost, and the court found that the individuals were barred by res judicata from bringing an action on their own relating to the same subject matter. 640 S.W.2d at 715. In essence, Jefferson Dental argues that the EEOC is trying to do the same thing—re-litigating from the same factual basis after the charging parties have lost. *See Dennis*, 989 S.W.2d at 25, 27–28 (holding it was not an abuse of discretion to find that co-owners of a company who were also co-developers of a technology at issue in the case were in privity).

The EEOC emphasizes that, because it is pursuing its "statutory prerogative" to enforce laws protecting against workplace discrimination, it lacks privity with the charging parties. In essence, the EEOC's argument hinges on the notion that it has different interests in the litigation than the charging parties did in the prior suit because of this goal of reducing discrimination. *See Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 331 (1980) (noting that the interests of the EEOC and the charging parties are not always the same).

In *EEOC v. Waffle House*, the Supreme Court held that the EEOC was not bound by an

- 7 -

arbitration agreement signed by the charging party and the defendant employer. 534 U.S. 279, 282–83, 298 (2002). After experiencing alleged discrimination based on a disability,[2] the individual filed a charge with the EEOC. *Id.* at 283. He did not file an individual action or seek arbitration of his individual claim. *Id.* The EEOC filed an action against the employer, seeking injunctive relief, back pay, reinstatement, compensatory damages, and punitive damages. *Id.* at 283–84. The employer sought to compel arbitration or have the action dismissed based on the arbitration agreement, but the district court denied the motion. *Id.* at 284.

On interlocutory appeal, the Court of Appeals for the Fourth Circuit held that the EEOC was barred from pursuing an action for victim-specific relief but that the arbitration agreement between the charging party and the defendant did not foreclose injunctive relief. *Id.* at 284–85. The court of appeals based this distinction on the theory that the public interest served by the EEOC is "minimal" when it seeks victim-specific relief, whereas "when the EEOC is pursuing large-scale injunctive relief, the balance tips in favor of EEOC enforcement efforts in federal court because the public interest dominates the EEOC's action." *Id.* (internal quotation omitted).

The Supreme Court rejected this distinction, however, and held that "[a]bsent textual support for a contrary view, it is the public agency's province—not that of the court—to determine whether public resources should be committed to the recovery of victim-specific relief. And if the agency makes that determination, the statutory text unambiguously authorizes it to proceed in a judicial

---

[2]While *Waffle House* is an ADA case, the Court made clear that
Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability. Accordingly, the provisions of Title VII defining the EEOC's authority provide the starting point for our analysis.
534 U.S. at 285–86 (internal citation omitted).

forum." *Id.* at 291–92. The Court narrowed its holding, however, stating that "[i]t is an open question whether a settlement or arbitration judgment would affect the validity of the EEOC's claim or the character of relief the EEOC may seek. The only issue before this Court is whether the fact that [the individual] has signed a mandatory arbitration agreement limits the remedies available to the EEOC." *Id.* at 297.

Jefferson Dental encourages this court to read *Waffle House* narrowly, as a case about whether an arbitration agreement between a charging party and an employer bars an action by the EEOC against the employer. The Supreme Court stated that "[i]f, for example, [an individual] had failed to mitigate his damages or had accepted a monetary settlement, any recovery by the EEOC would be limited accordingly." *Id.* at 296. Jefferson Dental asks the court to extrapolate from this statement the principle that once the charging parties have had an opportunity to litigate their case, the EEOC's ability to recover relief should be "limited accordingly" by not permitting a second action at all under res judicata.

The EEOC, on the other hand, argues that under *Waffle House* the EEOC's interest "in eradicating workplace discrimination" is unique and "incompatible with a finding that the EEOC's authority to bring and maintain an enforcement action can be extinguished by a judgment in a private suit to which it was not a party." This court agrees with the EEOC's position.

The parties discuss two Fifth Circuit cases that, while not directly on point, generally support our position and merit discussion. In *United States v. Mississippi Department of Public Safety*, this court considered whether or not state sovereign immunity prevented the United States from suing a Mississippi agency for violating the ADA by refusing to make reasonable accommodations for a particular individual, seeking both injunctive and monetary relief. 321 F.3d 495, 497 (5th Cir. 2003).

The agency argued that Eleventh Amendment state sovereign immunity should bar the action because "the federal government [had sought] to circumvent the safeguards of the Eleventh Amendment and obtain personal relief for private individuals." *Id.* at 498. Citing *Waffle House*, the court stated:

> [T]he federal government has the responsibility to determine when it is in the public interest to sue to vindicate federal law via victim-specific relief. . . . The fact that [the individual] could not sue the [state agency] for the alleged violation of the law in no way diminishes the United States' interest in the action or the authority of the United States to bring suit against the [state agency] for the benefit of the public generally and for [the individual's] benefit specifically. Nor does it transform the United States into a mere proxy for [the individual].

*Id.* at 499 (internal citation omitted). In the state sovereign immunity context, therefore, this court has been willing to permit an action by the EEOC that would not have been permitted by a private party.

On the other hand, in *Vines v. University of La. at Monroe*, the Fifth Circuit, in a dispute under the ADEA rather than the ADA, applying federal res judicata principles, held that the individual plaintiffs and the EEOC were in privity because "[w]hen the EEOC seeks private benefits for individuals under the ADEA, it takes on representative responsibilities that places it in privity with those individuals." 398 F.3d 700, 707 (5th Cir. 2005); *see also Jones v. Bell Helicopter Co.*, 614 F.2d 1389, 1391 (5th Cir. 1980) (upholding dismissal of charging party's suit following EEOC suit based on federal res judicata principles even though the party "did not deserve to be penalized by the E.E.O.C.'s failure to provide decent governmental process"), *abrogated on other grounds by United States v. Popovich*, 820 F.2d 134 (5th Cir. 1987).

The *Vines* court, however, acknowledged that "the EEOC's role differs when it seeks to enjoin discrimination against an entire class or attempts to protect a broader interest than simply that of the individual plaintiff." 398 F.3d at 707. In such situations, "there is a clear divergence of

- 10 -

interests between the EEOC and the aggrieved individual." *Id.* The *Vines* court noted that the EEOC was not seeking to further such an independent interest, *see id.*, unlike the EEOC is doing here.

Furthermore, the Supreme Court in *Waffle House* cited approvingly to *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1542 (9th Cir. 1987). 534 U.S. at 311. In *Goodyear Aerospace*, the Ninth Circuit drew a distinction between the EEOC's actions for an injunction and back pay in a res judicata case involving the preclusive effect of a settlement reached by the charging party and the defendant. 813 F.2d at 1543. The court refused to moot the EEOC's claims for "injunctive relief to protect employees as a class" but mooted the back pay claim on the basis that "the public interest in a back pay award is minimal." *Id.*

The *Waffle House* majority would likely have permitted the EEOC to bring a claim for injunctive relief, had this issue been before the Court.[3] *See* 534 U.S. at 291 ("The statute clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake."). In his dissent, Justice Thomas also stated that "to the extent the EEOC seeks broad-based declaratory and equitable relief in court, the Commission undoubtedly acts both as a representative of a specific employee and to vindicate the public interest in preventing employment discrimination." *Id.* at 306 (internal quotation omitted). Given the divergence of interests between the charging parties and the EEOC when it seeks injunctive relief, this court will permit the injunctive relief claims by the EEOC.

In the context of make-whole relief, however, the interests of the EEOC stack up poorly

_____

[3]Justice Thomas in his dissent in *Waffle House* notes that "[t]he Court of Appeals concluded that [the individual]'s arbitration agreement did not preclude the EEOC from seeking such broad-based relief, and Waffle House has not appealed that ruling." 534 U.S. at 300 n.2. The Supreme Court in *Waffle House*, therefore, only directly addressed victim-specific relief.

against the principle of res judicata. The reasoning in Justice Thomas's *Waffle House* dissent is persuasive in the res judicata context. "[W]hen the EEOC is seeking [victim-specific] remedies, it is only serving the public interest to the extent that an employee seeking the same relief for himself through litigation or arbitration would also be serving the public interest." 534 U.S. at 307 n.10. Justice Thomas noted the curious situation, relevant here, that the majority's reasoning suggests that the EEOC could pursue victim-specific relief after the charging party had reached a settlement, which "would contradict this Court's [prior] suggestion . . . that employment discrimination disputes can be settled without any EEOC involvement." *Id.* at 312 (internal quotation omitted); *see also Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir. 1980) ("[T]he E.E.O.C. may not bring a second suit based on the transactions that were the subject of a prior suit by a private plaintiff, unless the E.E.O.C. seeks relief different from that sought by the individual.") (citing *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975)).

The EEOC's public interest does not justify giving the plaintiffs two chances to receive make-whole relief. The Supreme Court in *Waffle House* stated that if the individual plaintiff "had accepted a monetary settlement, any recovery by the EEOC would be limited accordingly," and "it goes without saying that the courts can and should preclude double recovery by an individual." 534 U.S. at 296–97 (internal quotation omitted). In addition, the EEOC's claims arise out of the same subject matter as the state court case. The three elements of res judicata are therefore satisfied with respect to the claims for make-whole relief, and these claims are barred by the doctrine of res judicata.

## IV. CONCLUSION

This court holds that the EEOC serves a public interest sufficiently independent of the charging parties to avoid a finding of privity under Texas law when it seeks injunctive and equitable

relief. In seeking damages and any other make-whole relief, the EEOC's interests are not sufficiently independent to avoid being in privity with the charging parties. The order denying summary judgment to Jefferson Dental is REVERSED IN PART. As this matter is before the court on interlocutory appeal rather than final judgment, we REMAND to the district court (1) with instructions to enter summary judgment in favor of Jefferson Dental with respect to sections D, E, and F of the complaint and (2) for further proceedings not inconsistent with this opinion with respect to the remainder of the complaint.