# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-60503
Summary Calendar

TERRY LEE TAYLOR

Plaintiff-Appellant

v.

COOPER TIRE AND RUBBER COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi, Aberdeen

USDC No. 1:05-CV-250

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Terry Lee Taylor worked at Cooper Tire and Rubber Company ("the company") from September 28, 1988 through April 6, 2005, when the company fired him for hitting another employee with a tire. After the tire incident, foremen questioned Taylor about the skirmish and managers later met with Taylor to formally discuss it. On April 6, the company informed him by letter that he had been fired and allowed him to request a peer review hearing, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the company held on April 21. Taylor did not indicate during any of these discussions or meetings that the other employee involved in the skirmish had first hit him with a tire. He later testified that he did not reveal this information because he was afraid of being fired.

In 2004, the company transferred Taylor from his position in the rubber mixing department and from his brief service as a second stage tire builder to a "green tire handler job" after issuing multiple oral and written warnings to Taylor. He did not ever receive any bonuses in his tire sorter position.

Taylor alleges that the company fired him because of his union activity and in retaliation for his hitting a Caucasian employee with a tire. He filed a claim with the National Labor Relations Board, similarly arguing that the termination resulted from his union activity, and the NLRB concluded that the company validly fired Taylor on the basis of the tire incident. Taylor did not appeal this decision with the NLRB. He then brought claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 in district court. The district court granted the company's motion for summary judgment.

We review a district court's grant or denial of a motion for summary judgment de novo and find summary judgment "appropriate if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[1] To establish a retaliation claim under Title VII, Taylor had to show "(1) that he engaged in activity protected by Title VII; (2) [defendant] took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action."[2] To establish employment discrimination under Title VII, the district court properly recognized that, absent evidence of direct

[1] EEOC v. Jefferson Dental Clinics, PA, 478 F.3d 690, 694 (5th Cir. 2007) (quotations omitted).

[2] Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 995 (5th Cir. 2005) (citing Mattern v. Eastman Kodak Co., 104 F.3d 702, 705 (5th Cir. 1997)).

2

discrimination, the plaintiff may present circumstantial evidence[3] but must under the McConnell Douglas scheme[4] "first prove a prima facie case of discrimination,"[5] after which the burden shifts to the defendant to prove that defendant had a non-discriminatory reason for firing the plaintiff.

The district court determined that the company did not dispute Taylor's prima facie case for discrimination but that the reasons that it provided for Taylor's transfer and termination were not a pretextual cover for discriminatory motive. We agree with the unchallenged findings that the company's refusal to give Taylor a bonus resulted from his failure to take a proficiency test required for that bonus; that its transfer of Taylor resulted from numerous warnings unrelated to race; and that it terminated Taylor because actions such as throwing tires create a dangerous workplace. Taylor admitted in his deposition that the company transferred him from his job of second stage tire builder to tire sorter because he was "disqualified" and did not meet the minimum requirements for that job. He also indicated that he "kinda caught wind" of the fact that he had to take a proficiency test in order to receive a bonus, and agreed that the termination letter indicated that the company discharged Taylor for throwing another tire at another employee in an "intentional and dangerous act." We agree with the district court's finding that Taylor's response to the company's motion for summary judgment failed to show that the company's reasons were pretextual or involved mixed discriminatory and legitimate motives. Finally, we find no disputed material fact in the case below indicating the causal connection between Taylor's transfer and termination and his union activity or race.

AFFIRMED.

---

[3] See, e.g., Desert Palace, Inc. v. Costa, 539 U.S. 90, 99-100 (2003).

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973).

[5] Evans v. Houston, 246 F.3d 344, 350 (5th Cir. 2001).