974 So.2d 18 (2007)
Caroline BERTHELOT and Bernard J. Dolenz, Plaintiffs-Appellants
v.
Virginia H. BRINKMANN and John Baxter Brinkmann, as Curator in behalf of Virginia H. Brinkmann and Party Defendant, Defendants-Appellees.
No. 42,800-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
Rehearing Denied February 7, 2008.
*19 Bernard J. Dolenz, pro se.
Caroline Berthelot, pro se.
Lemle & Kelleher by Dale G. Cox, Shreveport, for Appellees.
Before BROWN, DREW, and LOLLEY, JJ.
BROWN, Chief Judge.
Appellant, Bernard Dolenz, and co-plaintiff, Caroline Berthelot, obtained a money judgment on August 13, 1993, against appellee, Virginia Brinkmann, in the 162nd District Court in Dallas, Texas. In that defamation and slander action, Dolenz was awarded $800,000 and Berthelot was awarded $1.5 million. On January 25, 1995, pursuant to the Enforcement of Foreign Judgment Act (La. R.S. 13:4241 et seq.), Dolenz filed a petition in the First Judicial District Court for Caddo Parish to make the Texas judgment executory in Louisiana. A copy of the Texas judgment properly authenticated was attached to the petition. On January 24, 1995, Judge Charles Scott signed an ex parte order making the Texas judgment executory in Louisiana (apparently the petition was presented to Judge Scott first and filed the next day with the clerk). The clerk's office sent notice to Brinkmann by certified mail which was received by Brinkmann on January 28, 1995.
On February 23, 1995, Brinkmann filed a response to the petition to make the foreign judgment executory which was considered as a motion to vacate Judge Scott's ex parte order. Judge Leon Emanuel rejected the motion and confirmed Judge Scott's recognition of the Texas judgment in a judgment signed on April 17, 1995. Brinkmann's motion for a new trial was also denied by Judge Emanuel on November 25, 1996.
Thereafter, there have been three attempts to revive the judgment. All of these attempts to revive were heard and denied by Judge Jeanette Garrett.
*20 On April 4, 2005, both Berthelot and Dolenz filed an affidavit and motion to schedule a hearing for reinscription of Judge Emanuel's April 17, 1995, judgment. On May 25, 2005, Judge Garrett found that Judge Emanuel's April 17, 1995, ruling-had no legal effect on the calculation of prescription and dismissed the case because Judge Scott's judgment of January 24, 1995, had prescribed by the liberative prescription of ten years. No appeal was taken from this ruling.
A second Petition To Make Foreign Judgment Executory was filed by Dolenz on March 3, 2006. He alleged that revival was mandated by the U.S. Constitution full faith and credit clause. Relief was denied by Judge Garrett in an ex parte order.
On November 20, 2006, Dolenz filed a third Petition For Recognition Of A Foreign Judgment. In that action, Dolenz filed the affidavit of Texas Constable J. Barr, who attests that he attempted to serve a writ of execution on April 11, 12 and 13 of 2005. A Texas judgment can be renewed and extended for ten years by having a writ of execution issued. Tex. Civ. Prac. & Rem.Code, Sec. 34.001. Dolenz argued that even though "the Louisiana registration had prescribed due to the ten-year lapse, that does not prevent the Texas judgment from being enforced if the original Texas judgment is revived in Texas, and then brought back to Louisiana for enforcement."
On April 9, 2007, Judge Garrett dismissed this final attempt to revive the judgment on the grounds of res judicata and collateral estoppel, concluding that the suit was a rehash of the first suit decided by her in 2005. It is from this decision that the current appeal is taken.[1] We affirm.

Discussion
Dolenz argues that the trial court erred in failing to give the revived Texas judgment full faith and credit, and in misapplying the defenses of res judicata and collateral estoppel. Dolenz argues that the judgment in the defamation case was revived and extended in Texas, and, as such, the revived Texas judgment is entitled to full faith and credit in Louisiana. He claims this is true even though the original judgment inscribed in Louisiana had lapsed and could not be revived in Louisiana. He argues that this revived Texas judgment is a new judgment.
In the case at bar, after Dolenz submitted the Texas money judgment to a court of this state, Louisiana dutifully granted the Texas judgment full faith and credit by Judge Scott's ex parte order making the Texas judgment executory in Louisiana. This occurred on January 24, 1995. Thereafter, the Texas judgment became a Louisiana judgment subject to the revival and prescription laws of this state. Louisiana Revised Statute 13:4242 provides:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner. (Emphasis added).
*21 Canizaro Trigiani Architects v. Crowe, 35,939 (La.App. 2 Cir. 04/03/02), 815 So.2d 386.
A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered. La. C.C.P. art. 2031. A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final. La. C.C. art. 3501.
Res judicata is an issue and claim preclusion device which prohibits relitigation of matters which were litigated or could have been litigated in a prior suit.
Louisiana Revised Statute 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The comments to La. R.S. 13:4231 provide that the central inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free a defendant from vexatious litigation. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.
Further, a plaintiff must assert all of his rights and claim all of his remedies arising out of the transaction or occurrence. Claims that arise or which he becomes aware of before trial may be asserted through an amended or supplemental petition, and these claims will relate back to the time of the original filing if they arise out of the transaction or occurrence set forth in the original petition. Causes of action that have not been asserted by the plaintiff are extinguished and barred by the judgment.
The first motion to reinscribe Judge Scott's January 24, 1995 judgment was heard on May 23, 2005. The attempts to serve the writ of execution in Texas, which Dolenz claims revived the Texas judgment in Texas, occurred in April of 2005. That Dolenz timely revived the judgment in Texas by issuing a writ of execution was a question that should have been raised by an amended and supplemented petition. It was not and Judge Garrett's ruling was not appealed and is final.
*22 When Dolenz initially attempted to reinscribe the Louisiana judgment, the trial court dismissed that action and all claims that could have been asserted. Dolenz's new action to recognize and make executory the revived Texas judgment is clearly prohibited by principles of res judicata and collateral estoppel.

Conclusion
For the reasons set forth above, the trial court's dismissal of Bernard Dolenz's suit on the grounds of res judicata and collateral estoppel is AFFIRMED. Costs are assessed to plaintiff, Bernard Dolenz.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, DREW, MOORE, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Berthelot has not joined in this appeal.