IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-30327

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Plaintiff - Appellee

v.

BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA
SYSTEM

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") brought this suit against the University of Louisiana at Monroe ("ULM")[1] for alleged violations of the Age Discrimination in Employment Act ("ADEA"). ULM moved to dismiss on Eleventh Amendment immunity grounds, and the district court denied the motion. ULM now brings this interlocutory appeal under the collateral order doctrine. For the following reasons, we affirm.

---

[1] Because ULM is not a juridical person and lacks the capacity to be sued, the EEOC amended its complaint to name the Board of Supervisors for the University of Louisiana System as defendant. For purposes of simplicity, we refer to the defendant-appellant as ULM throughout this opinion.

## FACTS AND PROCEEDINGS

Dr. Van McGraw was formerly employed as a professor and dean at ULM—which, along with other public universities in Louisiana, is a part of the University of Louisiana System. McGraw began his academic career in 1959 and served as the dean of ULM's College of Business Administration from 1976 to 1989. When he retired as dean, he was immediately rehired by ULM as a professor. In 1996, ULM did not renew McGraw's contract to teach for the following year pursuant to a new policy prohibiting the re-employment of retirees on a regular full-time basis. McGraw and the EEOC filed state and federal actions alleging that ULM's new policy and certain other practices of the university impermissibly discriminated on the basis of age, but these initial lawsuits were all ultimately unsuccessful. See Vines v. Univ. of La. at Monroe, 398 F.3d 700, 703–04 (5th Cir. 2005) (discussing the chronology of these cases).

From 2002 to 2004, McGraw unsuccessfully attempted to be rehired by ULM as an associate dean or as a professor. He filed a discrimination charge with the EEOC and a lawsuit against ULM in state court. In 2005, the EEOC instituted the present action against ULM, seeking injunctive relief against ULM's discriminatory practices as well as make-whole relief for McGraw—including placement in the position of his choice, backpay, and other monetary relief. The complaint alleges that ULM violated the ADEA when it denied McGraw the positions he sought in 2002–2004, in retaliation for his prior suits, or, alternatively, on the basis of his age. ULM filed a motion for summary judgment and moved to dismiss, arguing, among other things, that Eleventh Amendment immunity barred the proceedings. The district court denied the motion on February 25, 2008. ULM timely filed this interlocutory appeal under

the collateral order doctrine, requesting review of the district court's denial of sovereign immunity.[2]

## STANDARD OF REVIEW

"This court reviews denials of Eleventh Amendment immunity de novo." McCarthy v. Hawkins, 381 F.3d 407, 412 (5th Cir. 2004).

## DISCUSSION

ULM contends that it is entitled to sovereign immunity from the EEOC's lawsuit under the Eleventh Amendment. Its argument relies principally on Kimel v. Florida Board of Regents, where the Supreme Court examined the validity of the ADEA's purported abrogation of the States' sovereign immunity. 528 U.S. 62 (2000). In light of the guidelines established in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 72–73 (1996), the Kimel Court first held that the abrogation of sovereign immunity was conditioned upon a proper exercise of Congress's enforcement powers under the Fourteenth Amendment. 528 U.S. at 80. It noted that the ADEA's general prohibition against age-based employment discrimination "imposes substantially higher burdens on state employers" than the Constitution's equal protection requirements, id. at 87, and that Congress had failed to identify a widespread pattern of unconstitutional age discrimination by the States that would justify the enactment of broad prophylactic legislation, id. at 91. Therefore, the Court concluded that "Congress

---

[2] ULM also appears to argue that McGraw should be barred from proceeding in its state court suit based on res judicata and prescription principles. The viability of McGraw's state claims is entirely irrelevant to the present action—brought by another party, the EEOC, in federal court, under federal law. In addition, this case is before the court on interlocutory appeal under the collateral order doctrine, for the limited purpose of determining whether ULM is entitled to Eleventh Amendment immunity. We therefore do not consider ULM's request that McGraw be barred from proceeding in state court.

did not validly abrogate the States' sovereign immunity to suits by private individuals" under the ADEA. Id. (emphasis added). Contrary to ULM's contention, nothing in Kimel suggests that ADEA claims brought by a federal agency such as the EEOC are subject to sovereign immunity limitations.

Indeed, it is well-established that sovereign immunity under the Eleventh Amendment operates only to protect States from private lawsuits—not from lawsuits by the federal government. See West Virginia v. United States, 479 U.S. 305, 311 (1987) ("States have no sovereign immunity as against the Federal Government"); Alden v. Maine, 527 U.S. 706, 755 (1999) ("In ratifying the Constitution, the States consented to suits brought by other States or by the Federal Government."). In Seminole Tribe, the Court thus insisted that, notwithstanding the States' immunity from private suits, "[t]he Federal Government can bring suit in federal court against a State" in order to ensure its compliance with federal law. 517 U.S. at 71 n.14. Further, when the Court later extended the Kimel principles to the American with Disabilities Act ("ADA"), it reiterated that, even though private ADA claims against States were barred by the Eleventh Amendment, the standards of the ADA could nevertheless be enforced "by the United States in actions for money damages." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 n.9 (2001).

Consistent with this long-standing principle, this court has also recognized that "[t]he United States is not barred by the Eleventh Amendment from suing a state to enforce federal law and obtain the relief authorized by the ADA." United States v. Miss. Dep't of Pub. Safety, 321 F.3d 495, 499 (5th Cir. 2003). Our conclusion in Mississippi Department of Public Safety is equally applicable in the ADEA context. Notably, two other circuits have specifically rejected

challenges to suits brought by the EEOC under the ADEA, holding that the State was not immune from suit under the Eleventh Amendment. See EEOC v. Bd. of Regents of the Univ. of Wis. Sys., 288 F.3d 296, 300–01 (7th Cir. 2002) (holding that sovereign immunity does not bar the EEOC's lawsuit under the ADEA against the board of regents of a state university system); EEOC v. Ky. Ret. Sys., 16 F. App'x 443, 449 (6th Cir. 2001) (unpublished) ("Because the Eleventh Amendment does not shield a State from suit brought by a federal government agency to enforce a federal law, the district court properly denied Defendants immunity on Eleventh Amendment grounds."). In light of this clear precedent, the district court properly concluded that the Eleventh Amendment did not bar the EEOC's lawsuit against ULM under the ADEA.

Alternatively, ULM argues that, even if it is not generally immune from ADEA claims brought by a federal agency, the EEOC should not be permitted to seek make-whole relief for the benefit of McGraw. In effect, ULM contends that the EEOC is circumventing the Eleventh Amendment to obtain personal relief for a party barred from suing ULM. We addressed this same argument with respect to the ADA in Mississippi Department of Public Safety, where the United States sought monetary damages and other compensatory relief—including reinstatement with back pay and retroactive benefits—for the alleged dismissal of a safety patrol trainee in violation of the ADA. 321 F.3d at 497. The district court had dismissed the lawsuit on sovereign immunity grounds, characterizing the United States' action as essentially an action "on behalf" of the disabled trainee since the United States was not attempting to remedy any "pattern" of discriminatory conduct. Id. We reversed the district court's dismissal, holding that the United States was entitled to seek any relief

authorized by the ADA—including specific relief for the benefit of the trainee—because "the federal government always has a real and substantial federal interest in ensuring the states' compliance with federal law." Id. at 499.

The Supreme Court, albeit in a different context, has recognized that the EEOC plays an independent public interest role that allows it to seek victim-specific relief—even when such relief could not be pursued by the employee because the claims were subject to a mandatory arbitration agreement:

> The statute [granting enforcement powers to the EEOC] clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake. Absent textual support for a contrary view, it is the public agency's province—not that of the court—to determine whether public resources should be committed to the recovery of victim-specific relief. And if the agency makes that determination, the statutory text unambiguously authorizes it to proceed in a judicial forum.

EEOC v. Waffle House, Inc., 534 U.S. 279, 291–92 (2002) (cited by Miss. Dep't of Pub. Safety, 321 F.3d at 499). In Board of Regents of the University of Wisconsin System, the Seventh Circuit similarly relied on Waffle House to reject the state university's contention that the EEOC's lawsuit under the ADEA was merely a "private suit dressed in fancy clothes." 288 F.3d at 300–01 (holding that sovereign immunity did not bar the lawsuit, regardless of the relief sought by the EEOC). Id. at 300–01; see also Ky. Ret. Sys., 16 F. App'x at 448 (rejecting the state employer's argument that the EEOC's action, which sought make-whole relief for the benefit of the state employee, "simply disguise[d] an ADEA suit brought by a private individual and, therefore, [was] forbidden by the Eleventh Amendment").

ULM correctly notes that, in other contexts, this court has limited the EEOC's ability to seek damages and other make-whole relief for private parties barred from pursuing their employment-related claims. See EEOC v. Jefferson Dental Clinics, PA, 478 F.3d 690, 699 (5th Cir. 2007) (holding that the EEOC could not seek make-whole relief for employees who had already litigated their claims in state court). The Jefferson Dental Clinics case involved a private employer that could be subject to private lawsuits in federal court and the court's holding was based on the res judicata effect of the prior state court judgment in the employees' case. Id. That holding is not applicable to the present lawsuit, where sovereign immunity bars McGraw's federal claims and there has been no prior adjudication of the EEOC's claims. In fact, as we recognized in Jefferson Dental Clinics: "[i]n the state sovereign immunity context, . . . this court has been willing to permit an action by the EEOC that would not have been permitted by a private party." Id. at 697 (discussing Miss. Dep't of Pub. Safety, 321 F.3d 495). Accordingly, we hold that the Eleventh Amendment does not bar the EEOC from seeking make-whole relief for the benefit of McGraw.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.