# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31020

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

BRADLEY W. SMITH,

        Plaintiff - Appellant Cross-Appellee

v.

SHELTER MUTUAL INSURANCE COMPANY,

        Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-357

Before STEWART, Chief Judge, and HIGGINBOTHAM and COSTA, Circuit Judges.

PER CURIAM:*

        Plaintiff-Appellant Bradley W. Smith and Defendant-Appellee Shelter Mutual Insurance Co. ("Shelter") appeal and cross-appeal the district court's order granting partial summary judgment. Concluding that the district court's order is not subject to interlocutory review, we dismiss the appeal and cross-appeal for lack of subject matter jurisdiction.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31020

## I.

In 2001, Paul Babin, whom Shelter insured, hit Smith while driving his car.  After the incident, Smith sued Babin in state court.  Babin then brought a cross-claim against Shelter alleging that Shelter had refused to defend or indemnify him in bad faith and seeking damages for Shelter's alleged policy misrepresentations.  Following a bifurcated trial in state court, the court found that (1) Shelter did not have a duty to defend Babin and that (2) "Shelter was not . . . in any way in bad faith in making its decision that it did not have coverage. . . . [, as]  there was no failure in any part of the duties of the insurer."  Accordingly, the court ordered that "with respect to the cross[-]claims of Paul A. Babin, the claims for duty to defend against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice."  The court further ordered that "with respect to the cross-claim of Paul Babin, the claims for bad faith insurance practices under La. R.S. 22:1892 and 1973 against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice."  Babin appealed, and the Louisiana First Circuit Court of Appeal affirmed the trial court's judgment in full.[1]

Smith brought the instant matter against Shelter on an assignment of Babin's rights, seeking to recover the excess amount of the state court judgment beyond Babin's insurance policy liability and alleging that the excess judgment occurred as a result of Shelter's alleged policy misrepresentations.  Shelter then moved for summary judgment based on res judicata, which the district court granted in part and denied in part.  The parties now appeal and cross-appeal those rulings.

---

[1] The Louisiana First Circuit Court of Appeal amended the district court's judgment with respect to the final damages amount, but "[i]n all other respects," including the allegations at issue here, it affirmed the district court's judgment. *Smith v. Babin*, No. 2015-CA-1029, 2016 WL 1535692, at *11 (La. App. Apr. 15, 2016) (unpublished).

No. 16-31020

## II.

Being a court of limited jurisdiction, we have a responsibility to examine the basis of our jurisdiction, regardless of whether the parties raise the issue. *United States v. Garner*, 749 F.2d 281, 284 (5th Cir. 1985). The finality rule is designed to avoid piecemeal litigation and the delays and costs associated with "needless precautionary appeals." *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 401 (5th Cir. 1984) (en banc). Thus, as a general rule, an order is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981).

## III.

Noting that it was not clear we had jurisdiction to hear the case, we solicited additional letter briefs from the parties. In their briefs and during oral argument, both parties argued that, because the district court dismissed Smith's bad faith claim, the district court effectively dismissed Smith's excess judgment claim, as the two causes of action are inextricably intertwined. *See Kelly v. State Farm Fire & Cas. Co.*, 169 So. 3d 328, 336 (La. 2015); *Smith v. Audubon Ins. Co.*, 679 So. 2d 372 (La. 1996). Therefore, the parties claim theirs is an appeal from a final judgment. We disagree.

Because an unresolved claim remains before the district court, this appeal is interlocutory in nature. Accordingly, this court has jurisdiction to hear the case exclusively pursuant to either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292. *See Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 227 (5th Cir. 2014). Because neither party appealed the issue under either alternative, we DISMISS the appeal for lack of jurisdiction.