# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2019

Lyle W. Cayce
Clerk

No. 18-30858

BRADLEY W. SMITH,

      Plaintiff–Appellant

v.

SHELTER MUTUAL INSURANCE COMPANY,

      Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-357

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

PER CURIAM:*

     Plaintiff Bradley Smith contends that the district court erred by granting Defendant Shelter Mutual Insurance Company's summary judgment motion based on res judicata. After considering the record and applicable law, we affirm the district court's judgment.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30858

## I.

This is the second time the parties have appeared before us.[1] The prior panel, in *Smith I*, gave a cogent statement of the facts and background, which we reproduce here:

In 2001, Paul Babin, whom Shelter insured, hit Smith while driving his car. After the incident, Smith sued Babin in state court. Babin then brought a cross-claim against Shelter alleging that Shelter had refused to defend or indemnify him in bad faith and seeking damages for Shelter's alleged policy misrepresentations. Following a bifurcated trial in state court, the court found that (1) Shelter did not have a duty to defend Babin and that (2) "Shelter was not . . . in any way in bad faith in making its decision that it did not have coverage. . . . [, as] there was no failure in any part of the duties of the insurer." Accordingly, the court ordered that "with respect to the cross[-]claims of Paul A. Babin, the claims for duty to defend against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice." The court further ordered that "with respect to the cross-claim of Paul Babin, the claims for bad faith insurance practices under La. R.S. 22:1892 and 1973 against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice." Babin appealed, and the Louisiana First Circuit Court of Appeal affirmed the trial court's judgment in full.[2]

After the state court proceedings concluded,[3] Smith brought the instant action in federal court against Shelter on an assignment of Babin's rights. Smith, standing in Babin's shoes, sought to recover bad faith damages and the excess amount of the state court judgment beyond Babin's insurance policy limits, alleging that Shelter (1) misrepresented its policy and (2) unreasonably failed to settle. The district court initially dismissed Plaintiff's policy misrepresentation claim based on res judicata and denied summary judgment

---

[1] *Smith v. Shelter Mut. Ins. Co.*, 688 F. App'x 313 (5th Cir. 2017) (*Smith I*).

[2] *Id.* at 313 (bracket insertions original).

[3] *Smith v. Babin*, No. 2015 CA 1029, 2016 WL 1535692 (La. Ct. App. 1st Cir. 2016).

2

as to the excess judgment liability claim.[4]   The parties cross-appealed those rulings; we dismissed this earlier appeal in *Smith I* for lack of jurisdiction because, at that point, there was no final judgment.[5]

After discovery, Shelter re-filed a motion for summary judgment—again grounded on res judicata—seeking dismissal of the remaining failure to settle claim.  Agreeing that res judicata principles applied, the district court granted Shelter's Rule 56 motion and dismissed this suit.  Smith timely appealed.  We now have jurisdiction under 28 U.S.C. § 1291 and consider the issues below.

## II.

"This court reviews the res judicata effect of a prior state court judgment de novo."[6]   We apply the preclusion law of the state that rendered the initial judgment—that is, here, Louisiana.[7]

"The purpose of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation."[8]   To bolster this policy, Louisiana amended its res judicata statute in 1990 to include collateral estoppel for the first time.[9]   The Louisiana statute now provides that both claim preclusion and issue preclusion (*i.e.*, res judicata and collateral estoppel) will apply in the following situations:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

---

[4] The district court initially denied summary judgment for Smith's excess judgment liability claim because Shelter's motion did not properly address this issue.  *See Smith v. Shelter Mut. Ins. Co.*, No. CV 15-357-JJB-RLB, 2016 WL 8710435, at *2 (M.D. La. Aug. 19, 2016).

[5] *Smith I*, 688 F. App'x at 314.

[6] *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 693 (5th Cir. 2007).

[7] *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011); *Hogue v. Royse City*, 939 F.2d 1249, 1252 (5th Cir. 1991).

[8] *Leon v. Moore*, 731 So. 2d 502, 504–05 (La. Ct. App. 1st Cir. 1999) (citing *Avenue Plaza, L.L.C. v. Falgoust*, 676 So. 2d 1077, 1079 (La. 1996)).

[9] *See Chaisson v. Cent. Crane Serv.*, 44 So. 3d 883, 886–87 (La. Ct. App. 1st Cir. 2010) (describing history of the amendment).

No. 18-30858

. . . .

(2) [Claim Preclusion.]  If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) [Issue Preclusion.]  A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.[10]

## III.

Plaintiff contends that the district court erred by dismissing his case based on res judicata.  Under Louisiana law, "[r]es judicata is [both] an issue and claim preclusion device. . . ."[11]  The district court granted Defendant's summary judgment motion primarily based on claim preclusion principles.[12] Though Plaintiff's arguments on appeal mainly challenge such application, we need not address claim preclusion as the basis for dismissal.  Regardless of that determination, we hold that issue preclusion bars this federal suit.[13]  We therefore resolve this appeal solely based on issue preclusion.

---

[10] LA. STAT. ANN. § 13:4231.

[11] *Berthelot v. Brinkmann*, 974 So. 2d 18, 21 (La. Ct. App. 2d Cir. 2007).

[12] Pursuant to La. Rev. Stat. § 13:4231, "a second action is precluded when . . . (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003); *see Cooper v. WestEnd Capital Mgmt., LLC*, 832 F.3d 534, 543 (5th Cir. 2016) (quoting *Chauvin v. Exxon Mobil Corp.*, 158 So. 3d 761, 765 (La. 2004)).

[13] During the appeal, we requested supplemental letter briefs from the parties on whether issue preclusion applies in this case.  Our decision today has no bearing on the correctness of the district court's application of claim preclusion.

No. 18-30858

Under La. Rev. Stat. § 13:4231(3), the three requirements for issue preclusion are "(1) a valid and final judgment; (2) [same] identity of the parties; and (3) an issue that has been actually litigated and determined if its determination was essential to the prior judgment."[14] The parties do not dispute, and we agree, that the first two requirements are met here. Our focus is therefore on the third factor. Under issue preclusion, "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties."[15] At issue is whether the state court's finding that Shelter did not owe the insured a duty to defend necessarily found Shelter did not owe the insured a duty to settle, which is the basis for an excess judgment liability claim here.

Though we have not found a Louisiana Supreme Court case directly on point, we are guided by a state intermediate court and well-regarded insurance law treatises.[16] The Louisiana Third Circuit's decision in *Robin v. Allstate Insurance* is instructive.[17] There, Plaintiff Mary Robin alleged that in a prior suit involving an automobile accident, a judgment was awarded against her husband in excess of the policy limits.[18] Plaintiffs Herbert and Mary Robin then filed suit against Allstate alleging that Allstate unreasonably refused to

---

[14] *Liberty Mut. Fire Ins. Co. v. Weaver*, 219 So. 3d 442, 445–46 (La. Ct. App. 3d Cir. 2017) (quoting *Horrell v. Horrell*, 808 So. 2d 363, 373 (La. Ct. App. 1st Cir. 2000)).

[15] *Schiff v. Pollard*, 222 So. 3d 867, 875 (La. Ct. App. 4th Cir. 2017) (citation omitted).

[16] Generally, to determine Louisiana state law, "we look to the final decisions of the Louisiana Supreme Court. In the absence of a final decision by the Louisiana Supreme Court, we must make an *Erie* guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citations omitted). "Because there is no Louisiana Supreme Court precedent on point, we seek guidance by looking to the precedents established by intermediate state appellate courts." *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 628 (5th Cir. 2000) (citing *Labiche v. Legal Sec. Life Ins. Co.*, 31 F.3d 350, 351 (5th Cir. 1994)).

[17] *Robin v. Allstate Ins. Co.*, 844 So. 2d 41, 45–46 (La. Ct. App. 3d Cir. 2003).

[18] *Id.* at 43.

No. 18-30858

settle in the prior action against them within the policy limits.[19] Though only Mr. Robin was named in the prior suit, Mrs. Robin claimed that she was entitled to damages because the excess judgment exposed their marital community property to liability.[20] Allstate filed an exception of no right of action asserting that Mrs. Robin's claims against Allstate were barred. The trial and appellate courts agreed.[21] The Third Circuit reasoned: "Mr. Robin was the only party sued in the underlying tort suit. [Despite being an insured,] Mrs. Robin was never a party to that litigation."[22] Therefore, the court held that "Allstate did not have an obligation to defend or settle the claim on behalf of Mrs. Robin."[23] In so holding, the state intermediate court recognized "that the insurer's obligation to exercise good faith in defending the insured also include[d] a duty to settle within policy limits if necessary to protect the insured's financial interests against excess damages beyond the insurance coverage."[24] Because Allstate did not owe Mrs. Robin a duty to defend, it also did not owe her a duty to settle.[25]

Applying *Robin* to the instant case, Plaintiff's excess judgment liability claim is barred under issue preclusion doctrine because Shelter's obligation to exercise good faith in defending Babin also included its duty to settle within policy limits.[26] The state court dismissed Babin's claims for duty to defend and found no bad faith. Specifically, the state court reasoned:

> When I read the four corners of the petition and the facts that are alleged, and I read the policy, clearly and unambiguously intentional acts are the facts that are being alleged. At the time

---

[19] *Id.* at 45.
[20] *Id.*
[21] *Id.* at 44–45.
[22] *Id.* at 46.
[23] *Id.*
[24] *Id.* (citing *Smith v. Audubon Ins. Co.*, 679 So. 2d 372 (La. 1996)).
[25] *See id.*
[26] *Id.*

6

the decision was made, there was no duty to defend.  There was no coverage. . . . Shelter was not arbitrary, capricious, or in any way in bad faith making its decision that it did not have coverage, nor did it have a duty to defend. . . . [T]here was no failure in any part of the duties of the insurer.  The four corners of the petition and in the policy clearly were met.  They were within their right to deny coverage and deny counsel and representation.[27]

The state court formally confirmed these findings in its written judgment, holding that both "[Babin's] claims for duty to defend" and "the claims for bad faith insurance practices under La. R.S. 22:1892 and 1973 against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice."

Under issue preclusion doctrine, we find that the Louisiana trial court's judgment in *Smith v. Babin, et al.*[28] bars this subsequent federal suit.  *Robin* found that an insurer's obligation to exercise good faith in defending the insured also *includes* the duty to settle.[29]  And this decision in *Robin* comports with general understanding of insurance law: "[T]he insurance contract contains an implied term that an insurer that *undertakes to defend* its insured must make the determination whether to settle the case in good faith and without negligence."[30]  So the state court's ruling—that Shelter did not violate its duty to defend—also then necessarily decided that Shelter did not violate its duty to settle.  Accordingly, we hold that issue preclusion forecloses Smith's instant case.

---

[27] *Smith*, No. 2015 CA 1029, 2016 WL 1535692 at *10.

[28] Case No. 498177, Div. 22, 19th Judicial District Court (Kelley, J., presiding).

[29] *Robin*, 844 So. 2d at 46.

[30] 16 WILLISTON ON CONTRACTS § 49:107 (4th ed. Nov. 2018 updated) (emphasis added)); *see also* William Shelby McKenzie & H. Alston Johnson, III, 15 LA. CIV. L. TREATISE, INSURANCE LAW & PRACTICE § 7:9 (4th ed.) (noting that Louisiana courts consider the same set of factors in determining whether an insurer violates duty to defend and duty to compromise).  These factors, though not exclusive, derive from *Cousins v. State Farm*, 294 So. 2d 272, 275 (La. Ct. App. 1st Cir. 1974).

No. 18-30858

\*　　\*　　\*

Based on issue preclusion, we AFFIRM the district court's judgment.

**AFFIRMED.**